## BUTTERFIELD *vs.* JACOBS.

The plaintiff, holding a note against the defendant, caused a suit to be commenced upon it, about a year and a half after its date. The defendant told the sheriff who came to serve the writ, that if he would not arrest him then, he would go to work at his trade, and would pay the debt as fast as he could. Upon a plea of the statute of limitations, it was *held* that the defendant's language was *too* uncertain and indefinite to constitute a conditional promise to pay, when he should be able, but that the promise to pay was absolute.

ASSUMPSIT on a promissory note, dated on the 30th day of January, 1836, made by the defendant, and payable to the plaintiff, on demand, with interest annually.

The defendant pleaded the general issue and the statute of limitations.

The plaintiff replied a new promise, within six years, upon which issue was joined.

To prove the new promise, the plaintiff introduced a witness, who testified that he was a deputy sheriff, and in the month of July or August, 1837, went with a writ on this demand to arrest the defendant, or attach his property. He found no property, and then told the defendant what his directions were. The defendant said he was not going away, and if the sheriff would not arrest him then, he would go to work at his trade, and would pay the debt as fast as he could. The sheriff had already told him that the demand was in favor of the plaintiff. He did not arrest the defendant, but returned to the plaintiff, and told him what had taken place, and the plaintiff directed him not to serve the writ. This suit was commenced on the 27th day of June, 1843.

The court instructed the jury that the promise made to the sheriff when he went to serve the writ, if communicated to the plaintiff, who assented to the defendant's proposition, was a sufficient promise to take the case out of the statute.

The jury returned a verdict for the plaintiff, which the defendant moved to set aside, on account of the instruction aforesaid.

*Butterfield*, for the plaintiff.

*Perley & Ainsworth*, for the defendant.

Butterfield v. Jacobs.

GILCHRIST, J. There are authorities to be found in the books that the statute of limitations is founded on the presumption of payment; that whatever repels that presumption is an answer to the statute, and that any acknowledgment which repels that presumption, is, in legal effect, a promise to pay the debt; that though such an acknowledgment is accompanied by only a conditional promise, or even a refusal to pay, the law considers the condition or refusal void, and the acknowledgment itself an unconditional answer to the statute. Reference is made to these cases in *Tanner* vs. *Smart*, 6 *B. & C.* 603, which is the leading case on this subject. It was there held that a promise by the defendant, within six years, in these words, "I cannot pay the debt at present, but I will pay it as soon as I can," was not sufficient to entitle the plaintiff to a verdict, without proof of the defendant's ability to pay. In the case of *Scales* vs. *Jacob*, 3 *Bing.* 638, decided in the year previous, the court were equally divided on the question whether the defendant's ability to pay must be proved. But in the subsequent case of *Gould* vs. *Shirley*, 2 *Moore & P.* 581, the law as stated in *Tanner* vs. *Smart* was adopted. *Haydon* vs. *Williams*, 7 *Bing.* 163. And it has been held, in this court, that if the admission of the debt be connected with a conditional promise of payment, an action cannot be sustained on the demand, if the defendant plead the statute, unless it be shewn that the contingency has happened. *Betton* vs. *Cutts*, 11 *N. H. Rep.* 170; *Manning* vs. *Wheeler*, [13 *N. H. Rep.* 486.]

Where a person, on being applied to for payment of a debt, declares his inability to pay it, but promises to pay it when he shall become able, the happening of the contingency is, in its nature, susceptible of being proved. His pecuniary ability is a matter of fact, no more indefinite nor uncertain than most facts ordinarily in controversy. Such a promise is clearly conditional, dependent on the happening of a future event. Evidence of the promise and of the pecuniary ability has, therefore, been held sufficient to take a case out of the operation of the statute. Where a person begins by declaring his inability to pay, such a declaration may explain the remainder of his language. It may

show that his subsequent words have reference to his ability, and that he intended to pay when he should become able, although he may not have said so in express terms. His language, taken together, may show a conditional promise.

But where, as in this case, there was no declaration of inability, and nothing to throw any light upon the subsequent intention of the defendant, his language is more indefinite, and there is more uncertainty as to his meaning. As he said only these words, " if you will not arrest me, I will go to work at my trade, and will pay the debt as fast as I can," can he be said to have annexed any condition to the payment ? A conditional promise is a promise to pay upon the happening of a certain event. What is the event here ? He may have meant that he would pay the debt in such sums as he could conveniently spare, having regard to his other obligations, or in such sums as would leave him money enough to engage in certain speculations, and make certain purchases, or that he would pay the debt as fast as he could call in its amount from those who owed him, or that he would set apart for its payment what he should earn by his trade. Whatever intentions he had, he kept to himself, and did not communicate them. The word *can* is indefinite. For aught that appears in the case, the defendant may have been a man of wealth, and yet he might not have had the money at his immediate disposal, with which to pay this debt. And yet he may have been of sufficient pecuniary ability.

The defendant contends that the promise was conditional, and that the plaintiff cannot recover, because there is no proof that the contingency has happened. But we are of opinion that the words following the promise to pay are too uncertain and indefinite to constitute a condition, and that the promise to pay was absolute. And this construction is strongly fortified by the circumstance that at the time when the declaration was made, he was, according to his acknowledgment, absolutely liable, the note then being in force. It is not at all probable that at a time when his liability was beyond doubt, he would have attempted to limit it by a condition which he must have known the plaintiff, or his agent, would reject as a matter of course.

*Judgment on the verdict.*