FIRST CONG. SOC. IN LYME *vs.* MILLER.

The maker of a note, on being called upon for payment, said that he had not the money but would pay the note as soon as he could.—*Held*, that these words were too uncertain and indefinite to constitute a conditional promise to pay when he should be able, but that the promise to pay was absolute.

*Semble*, that where interest is paid in advance, and the action is brought within six years from the time up to which the interest is paid, a note will be taken out of the operation of the statute.

ASSUMPSIT upon the defendant's promissory note, dated on the 1st day of January, 1831, and payable to the plaintiff on demand, with interest annually.

The writ was dated on the 31st day of October, 1842.

The defendant pleaded the statute of limitations. The plaintiffs replied, alleging a new promise within six years next before the suit was brought, upon which replication issue was joined.

To maintain the issue, the plaintiffs gave in evidence the note declared upon, on which were several indorsements, the last of which was dated on the 27th day of July, 1836, and it purported to be an indorsement of three years' interest, amounting to $9,81. Thomas Perkins testified that he was the treasurer of the Society, and that the last indorsement was in his hand writing; that he remembered receiving the money by the hand of Beza Latham, who was one of the trustees; that he gave Latham the note to carry to Hanover, where Miller lived, for the purpose of collecting the money, and that Latham brought back the note and the money. He also stated that the indorsement was made at the time the money was received, and that since that time, in the year 1839, he called on the *defendant* for interest, and he said he could not pay it then but would pay it as soon as he could; that he then told the defendant there were two years' interest due, and the defendant said he knew it and that it ought to be paid; that he had seen the defendant several times since, and he said he had not the money but would pay as soon as he could, and that he knew it ought to be paid.

First Cong. Soc. in Lyme *v.* Miller.

Upon these facts a verdict was taken, by consent, for the plaintiffs, subject to the opinion of this court.

*Duncan*, for the defendant.    There is no proof that the indorsement was made with the knowledge or consent of the defendant.    A case is taken out of the statute by what happens on the day of the date of the transaction which is to have that effect.    How can a promise made to-day be considered a promise some months hence ?

There is better evidence than that of Perkins to show that the money came from the defendant.    Latham should have been called upon to prove it.    A fact will not be inferred from the evidence given, where more direct and conclusive evidence of the fact is in existence.    1 *Pick.* 375 ; 4 *Mass.* 646.

This is a conditional promise to pay when the party shall be of ability, and his ability has not been proved.    4 *N. H. Rep.* 315, *Atwood* vs. *Coburn ;* 6 *N. H. Rep.* 124, *Exeter Bank* vs. *Sullivan.*

*Kittredge*, for the plaintiff.    The case of *Crosby* vs. *Wyatt*, 10 *N. H. Rep.* 318, settles that the reception of interest in advance by the payee of a note, is, if not rebutted, conclusive evidence of a contract for delay.    In such case the note is not due until the expiration of the time for which the interest is received. In this case the evidence is conclusive that the payment was made by Miller, the defendant.    He recognized this payment by saying, in the year 1839, that two years' interest were due.    If he had not made this payment, then the interest for five years would have been due.

But we need not rely on this point.    He admitted the debt. He then said only that he had not the money on hand.    This was merely an excuse for his non-payment.    And at that time he had no defence to the note.    It was not then barred by the statute. In the case of *Whitney* vs. *Bigelow*, 4 *Pick.* 110, the defendant said of the plaintiff that "he was driving him too fast; he was willing to pay, but could not get the money."    It was held that these words were evidence of an acknowledgment of indebted-

First Cong. Soc. in Lyme v. Miller.

ness and a willingness to pay, on which an implied promise would be raised by the law.

GILCHRIST, J. The recent case of *Butterfield* vs. *Jacobs*, 15 *N. H. Rep.* 140, settles the question before us. What the defendant said upon being called on for payment, does not make a condition. In that case the defendant said that if the sheriff would not arrest him, he would go to work at his trade, and would pay the debt as fast as he could. It was held that these words did not constitute a conditional promise to pay, but that the promise was absolute.

In the present case the defendant said he had not the money, but would pay as soon as he could. This was not a conditional promise, which is a promise to pay on the happening of a certain event, and there was no event to which the words looked forward. The words following the promise to pay are too uncertain and indefinite to constitute a condition.

It does not appear distinctly here that the interest was paid in advance, but that point need not be inquired into. But where it is apparent that the interest was paid in advance, and the action is brought within six years from the time up to which the interest was paid, the case would probably be taken out of the operation of the statute. The note would then be like a note payable at a future time. *Crosby* vs. *Wyatt*, 10 *N. H. Rep.* 318.

*Judgment on the verdict.*