JOHN S. DEWOLFE *& al. versus* NATHANIEL Y. FRENCH.

If parties intend to make a payment of money to depend upon the happening of a future event, the money cannot be recovered, where the contingency does not occur.

*Otherwise*, where the debt is to be absolute, and the happening of some contingent event is fixed on as the term of payment ; — as when a vessel shall have arrived at a specified port, and the vessel is lost on the voyage ; the law in such case will require payment to be made within a reasonable time after the loss of the vessel is ascertained.

REPORTED from *Nisi Prius*, BARROWS, J., presiding. This was an action of ASSUMPSIT on account annexed.

*Bradbury & French*, for the plaintiffs.

*A. Hayden*, for the defendant.

The facts in the case are sufficiently stated in the opinion of the Court, which was drawn up by

WALTON, J. — This is an action of assumpsit, in which the plaintiffs claim to recover for two items charged as commissions, for obtaining freight for the defendant's vessel. The defendant has offered to be defaulted for one of the items, and resists the other, upon the ground that the plaintiffs' right to recover for it was contingent ; that it was expressly agreed that the plaintiffs should wait for their pay till the vessel for which the freight was obtained returned

with a cargo ; and that the vessel was lost at sea and never returned.

If, in fixing upon the happening of a future contingent event as the time when money is to be paid, the parties intend to make the debt a contingent one, and the event never happens, the creditor's right to recover it will never accrue. But, if the debt is understood to be absolute, and the happening of the future event is fixed upon as a convenient time for payment merely, and, for some unforeseen or unthought of cause, the event never happens, the creditor's right to recover will not be defeated, — the law will require the payment to be made within a reasonable time after it is ascertained that the event will never happen. The debt will be contingent or otherwise, depending upon the intention of the parties.

If parties intend that a debt shall be contingent, as in *respondentia* or bottomry contracts, then it will be so held by the Court. If, on the contrary, they intend that the debt shall be absolute, and fix upon the future event as a convenient time for payment merely, as where a drover purchases cattle, promising to pay for them on his return from market, overlooking the contingency that he may never return, then the debt will not be contingent ; and, if the future event does not happen as contemplated, the law will require payment to be made within a reasonable time. The parties having neglected to provide for such a contingency, the law in this, as in many other cases, supplies the omission by implying such a promise as is necessary to do justice between the parties, — such as we may fairly presume would have been made in fact, if the contingency had been thought of. In each case, the intention of the parties to make the debt contingent or otherwise, must be gathered from the language used, the situation of the parties, and the subject matter of the contract, as presented by the evidence.

In this case, the evidence leaves us in doubt whether the plaintiffs in fact promised to wait for their pay till the vessel returned. The defendant testifies that they did, but the

plaintiffs testify that they did not.    They say that at the de-fendant's request they agreed to let the charges stand over till he himself returned, but they emphatically deny that their claim was to be dependent upon the return of the vessel; and in this they are corroborated by a memorandum of the amount of commissions due them, written upon the margin of the charter-party.    The memorandum states the amount of commissions due the plaintiffs in terms absolute, and contains nothing to indicate that the claim was to be a contingent one.    If the claim was then understood by the parties to be contingent, why was it not so stated in this written memorandum?

As before stated, the evidence leaves it extremely doubtful whether the plaintiffs promised to wait for their pay till the vessel returned; but, be that as it may, we think it clear that the parties did not intend to make the claim a contingent one; and, if the expected return of the vessel was named as the time when payment should be made, that they overlooked, or did not think of the contingency that she might be lost and never return, and made no provision for it; and that the law, therefore, implies a promise on the part of the defendant to pay the amount agreed upon, within a reasonable time after it was ascertained that the vessel would never return.    This he has neglected and refused to do. Our conclusion therefore is that the plaintiffs are entitled to judgment for the amount of both items sued for in their writ.        *Judgment for plaintiffs for* $341,25,
                    *and interest from date of the writ.*

APPLETON, C. J., CUTTING, DAVIS and KENT, JJ., concurred.