99 127
d109 596

---

Hurlbut, Ward & Company, Appellants, v. James Bagley & Company, et al.

**Evidence:** PLEA AND PROOF: *Relevancy.* In an action on notes given for goods sold, defendants alleged that the consideration was intoxicating liquor, sold to them by plaintiffs in violation of law and set up a counter-claim for the wrongful suing out of the attachment, and for money paid to plaintiff for liquors sold to defendants in violation of law. The reply denied the facts pleaded as counter-claim. *H.ld,* that a defendant could not be asked on cross-examination why he did not demand the counter-claim before giving the notes for the full amount, which was greater than his counter-claim. Such matter was admissible, solely, as tending to prove a release or satisfaction of the counter-claim, and was rightly excluded because neither release or satifaction were pleaded.

**Instructions.** An instruction defining a preponderance of evidence as the greater weight of evidence, to be determined after a careful examination of all the evidence "tendered," is erroneous, where evidence offered was excluded.

PLEA AND PROOF: *Variance.* In an action on notes, given for goods sold to defendants, it was alleged that the notes were invalid, because the consideration was, in whole or in part, intoxicating liquors, sold by *plaintiff* in violation of law. The evidence failed to show any such sale by plaintiff, but showed such sales by W, to

defendants, and an assignment of accounts for such sales by W, to plaintiff. *Held*, it was error to charge, that sale, by *any* person, would sustain recovery.

*Appeal from Union District Court.*—HON. H. M. TOWNER, Judge.

TUESDAY, OCTOBER 13, 1896.

ACTION on promissory notes, aided by attachment. Counter-claims by defendants. Judgment for defendants, and the plaintiff appealed.—*Reversed.*

*C. C. Cole* for appellants.

*Copenheffer & Allen* and *Sullivan & Sullivan* for appellees.

GRANGER, J.—I.   The firm of James Bagley & Co. was composed of James Bagley and Libbie Bagley, and James W. Bagley had some interest therein. James Bagley died about April 17, 1893.   James W. Bagley and Libbie Bagley are husband and wife, and defendants in this suit.   During the year ending May 10, 1893, the plaintiff firm sold to James Bagley & Co. merchandise, consisting of drugs and medicine, for which, on the tenth of May, 1893, J. W. Bagley and Libbie Bagley gave to plaintiff their three promissory notes, aggregating four hundred and twenty-seven dollars and seventy-three cents, and this suit is on these notes, aided by attachment.   The answer admits the execution of the notes, and avers that the consideration, in whole or in part, was intoxicating liquor, sold in violation of law.   It presents a counter-claim for the wrongful suing out of the attachment, and also one for the sum of four hundred and thirteen dollars and forty-four cents on account of money paid to plaintiff for liquors sold by plaintiff to defendants in violation of law.   There was a denial of the facts

pleaded as counter-claims, and the issues were tried to a jury that returned a verdict for defendants.

II. The issues presented, as we have stated, a question as to the validity of the notes, because of the consideration being, in whole or in part, intoxicating liquor sold in violation of law. The averments of the answer are that the notes were void because of such sales made by the plaintiff to the defendants. The evidence fails to show any such sales by plaintiff, but it does show such sales by C. H. Ward to defendants, and assignments of accounts for such sales by Ward to the plaintiff. The court instructed the jury as if the averment was that the consideration of the notes was, in whole or in part, intoxicating liquors sold in violation of law, without reference to the fact of by whom the sales were made. The instruction is thought to be erroneous in this particular.

Defendant has, in pleading, designated particular sales—that is, sales made by particular persons—as those rendering the notes void. The question is, does such a pleading limit the evidence to such sales, or will they be permitted to prove sales made by any person? We think the proof should correspond to the averment. It is true, the question arises upon the instruction, and not on the admission of the evidence, but the correctness of the instruction depends on the application of the evidence. The evidence as to sales by Ward was properly in the case on another issue, so that it becomes a question whether the court properly instructed as to its application. It is a question of variance between the allegations and proof. It is not always essential to prove facts just as they are averred. For instance, time, place, number, magnitude, value, etc., when not essential to the right of recovery of the defense, and not descriptive thereof, need not be proven as alleged. 1 Greenleaf Ev. section 61. In this case the specification as to who made the

sale particularizes or describes the sale relied on, and, even though a general averment of the consideration being, in whole or in part, of unlawful sales, would have been sufficient, so that the present proofs would be proper in support of the defensive plea, the difficulty is not avoided, because particular sales are described, and descriptive averments of essential facts must be proven, or the variance is fatal. See 1 Greenleaf Ev. sections 63–68. In Underhill on Evidence (page 38) it is said: "All allegations essentially descriptive must be proven, no matter what their form." The application of the rule is but to require the defendants to establish their defense by the facts pleaded, which, as a general rule, is correct. No exception to the rule, coming to our notice, applies to the proposition we are considering. We think the instruction should have limited the defense, because of the consideration for the notes being sales of intoxicating liquors in violation of law, to sales alleged in the answer. The same error is involved in other parts of the instructions, which need no further notice.

III. The court, in defining a "preponderance of evidence," spoke of it as the greater weight of evidence, to be determined after a careful examination of all the evidence tendered. Complaint is made of the use of the word "tendered." It was, of course, inadvertently used in place of the word "introduced," or some equivalent expression. There was testimony offered that was not admitted, and such was, of course, tendered; so that the instruction would be erroneous.

IV. James W. Bagley was a witness for the defense, and testified to the sales of liquor on which the counter-claims are based. On cross-examination the following question was excluded as incompetent or immaterial: "Q. Now, Mr. Bagley, I want to ask you why you didn't demand this counter-claim of

yours, and take it out of the notes, instead of giving your notes for the full amount. You gave your notes for an amount greater than your counter-claim. Why didn't you demand it out of the notes?"

The question was entirely immaterial to the issues joined. Its materiality is claimed because the answer might show that the claim, or some part of it, had been allowed when the notes were executed; that for some cause he had released the claim, or acknowledged satisfaction of it; or that for some cause the claim had been surrendered. The counter-claim of defendants was presented by their answer, in the nature of a cross-petition. The issues thereon were made by the reply, the same as they would have been by answer had the claim been made in an original petition. The facts which plaintiff suggests might have been shown by the answers are such only as must be pleaded before they can be proven. They were intended to show payment or settlement of the claim; not to disprove the facts giving rise to the claim, nor to explain nor discredit the testimony intended to show such facts. There was no issue of payment, settlement, or satisfaction of the claim.

Appellees include in their answer a denial of appellant's abstract, but, in view of the time and manner of its presentation, we think it should be disregarded. The judgment of the district court is REVERSED.