CARO RYAN, Administratrix of the Estate of Nellie A. Holbrook, Deceased, Appellee, v. E. C. LITCHFIELD, Appellant.

**Negotiable instruments:** CERTAINTY AS TO TIME OF PAYMENT: CONSTRUCTION.   A written instrument by which the maker agrees to pay the person named therein a specified sum ''as nearly as possible to meet her requirements, but I do not bind myself to any specified time that same shall be paid,'' is not so uncertain and indefinite in the time of payment as to render it unenforceable; but the statement is held to mean payment within a reasonable time after demand: the term requirements being used in its ordinary sense, to ask, demand or call for.

**Same:** ENFORCEMENT BY ADMINISTRATOR.   A written instrument obli-

2  gating the maker to pay a specified sum of money, in no manner conditional upon the life of the payee, is not extinguished by his death and may be enforced in the hands of his administrator.

*Appeal from Black Hawk District Court.*—F. C. PLATT, Judge.

SATURDAY, DECEMBER 13, 1913.

THE opinion states the case.—*Affirmed.*

*George W. Dawson,* and *Dawson & Wehrmacher,* for appellant.

*Mears & Lovejoy,* for appellee.

WEAVER, C. J.—The appellant executed and delivered to one Nellie A. Holbrook a written instrument in words and figures as follows: "Waterloo, Iowa, U. S. A. May 23, 1910.   I hereby agree to pay to Nellie A. Holbrook the sum of ($5,-000.00) without intrist. Same to be paid as nearly as passable to meet her requirements but I do not bind myself to any specified time that same shall be paid.  E. C. Litchfield."

Thereafter, on April 12, 1911, the payee died intestate, and the plaintiff herein is her duly appointed administratrix. Among the papers of the deceased was found this writing, having indorsed thereon a memorandum of three payments of $50 each, bearing date, respectively, September 21, October 21, and December 20, 1910.   Payment of the remainder of the sum named in said instrument having been demanded and refused, this action at law was begun for the recovery thereof. The petition alleges simply the facts as above recited and demands judgment for the recovery of the unpaid remainder of the principal sum, with interest.   To this petition appellant demurred upon grounds stated by him as follows:

(1) That there is no mutuality appearing on the face of

the instrument in writing referred to in plaintiff's petition because the person named as payee therein in no way agreed to or was bound by anything on her part, and it fairly appearing on the face of said instrument that there was no valid consideration therefor, notwithstanding the instrument purports to be in writing.

(2) That said instrument in writing is uncertain by its terms and conditions. That it does not appear with any degree of certainty what that part of the instrument means wherein it says, 'Same to be paid as nearly as possible to meet her requirements.' It not appearing therefrom which or who of the parties to said instrument is to determine or say what the requirements should demand, whether the maker of the purported instrument or the payee thereof. Neither does it say by clear and explicit terms what requirements are referred to or may be demanded.

(3) That the purported instrument in writing is uncertain and indefinite because no time is fixed therein for the payment thereof; the maker refusing to pay at any specified time.

(4) That it appears upon the face of said petition and amendment that there is nothing due plaintiff by reason of the purported instrument in writing being the basis of this cause of action.

(5) That it appears upon the face of the petition and amendment thereto, as well as the instrument sued herein, that upon the death of payee thereof, namely, Nellie A. Holbrook, the cause of action expired and terminated on the death of said payee.

(6) That it appears upon the face of petition and amendment thereto, as well as the instrument sued upon, that there was no demand made thereon against the defendant during the lifetime of said Nellie A. Holbrook, and that it fails to show or allege that there was anything due on said instrument in writing at the time of the decease of said Nellie A. Holbrook. That the petition of plaintiff shows upon the face thereof that the purported agreement set out and made the basis of plaintiff's cause of action is so uncertain and indefinite that plaintiff is not entitled to recover thereon because the character and kind of undertaking referred to in said purported agreement cannot be determined by said agreement, and the court cannot, from the subject-matter expressed therein, ascertain to reasonable degree of certainty the kind and character of

defendant's undertaking. That there is no fixed time of payment. That the cause of action, if any, terminated upon the death of the payee, and it appears to have been the expressed intent of the parties that payments should be made to meet the needs or requirements of the payee during her lifetime. That the instrument is void for uncertainty.

The demurrer was overruled, and, appellant electing to stand thereon and refusing further to plead, judgment was entered against him as prayed.

Question has been raised by an amended abstract as to the punctuation and capitalization of the printed copy of the note or writing sued upon, and the instrument has been submitted to our examination, but we think the variation in reading does not materially affect the essential meaning or legal effect of the language employed. The argument for appellant rests upon the following propositions.

1. NEGOTIABLE INSTRUMENTS: certainty as to time of payment: construction.

It is said the instrument sued upon is too indefinite and uncertain to be capable of legal enforcement. In support of this theory we are cited to *Palmer v. Albee,* 50 Iowa, 429, and *Boardman v. Lessees,* 6 Pet. 328 (8 L. Ed. 415). Turning to these precedents we find in the *Palmer* case that the contract of subscription for the benefit of a certain church was signed by the defendant as follows: "Orrin Albee, twenty acres of land"—and this was held too ambiguous and uncertain to constitute an enforceable contract. The *Boardman* case was an action in ejectment in which the title to certain lands was in question. In the course of the court's opinion it was said *arguendo* that: "If the land be so inaccurately described as to render its identity wholly uncertain, it is admitted that the grant is void." The soundness of neither decision need be questioned, but we are unable too see that, admitting the rule stated, it has any application to the instant case.

The instrument sued upon shows without the slightest ambiguity or uncertainty the person making the promise, the person to whom it was given, the promise to pay, and the

amount to be paid.  The only point on which there is any room for argument or difference of opinion arises upon the question of the time of payment.  The language of the instrument is:  "Same to be paid as nearly as possible to meet her requirements but I do not bind myself to any specified time that the same shall be paid."  It is assumed by counsel that, in contruing the promise here quoted, the word "requirements" is to be given the meaning of "needs" or "necessities," and therefore no action will lie upon such agreement without allegation and proof of the existence of such need. But there is no rule or principle of construction which will justify such a rendering.  It is true that among the subsidiary or exceptional definitions of the word "requirement" is that of necessity or need, but in its primary and usual sense "to require" is to ask or demand or call for, and "requirement" is the act of requiring; demand; requisition.  Webster's New International Dictionary.  To the same effect is the holding in *McReynold's Appeal,* 66 Pa. 111, where the word "require," used in a contract, was said to mean "called for." The North Dakota court defines it as the equivalent of "exact," "direct," or "order."  *Kennedy v. Falde,* 4 Dak. 319 (29 N. W. 667).  Very closely in point with the case at bar is *Brewster v. Brewster,* 52 N. H. 58.  The court there construed a bequest of money to be paid the legatee as "she may require it" as not meaning payment as she needs it but payment as she demands it.  No reason is suggested, and none now suggests itself, why we should not give the word, as we have it in this case, its primary and usual meaning of asking or demanding as a right.  Giving it this effect, the agreement as to time of payment is that appellant will pay the sum stated as the payee may demand or call for it.  The qualifying words "as near as possible" and "I do not bind myself to any specified time" mean no more than that the promisor shall have reasonable time in which to meet the calls or demands made upon him.  It is quite possible that the parties contemplated that only part payments would be called for from time to time,

though this is not expressed in the writing, but even if so expressed the instrument would remain an undertaking to pay on demand, and that the whole sum would become due and payable within a reasonable time. A promise to pay a fixed and definite sum at the promisor's convenience, and the extension of the time of payment "indefinitely," and a promise to pay without naming any date or time of maturity have frequently been held to be collectible on demand or at least within a reasonable time. See *Ramot v. Scotenfels,* 15 Iowa, 457; *Works v. Hershey,* 35 Iowa, 340; *Smith v. Junker* (C. C.) 41 Fed. 101 (7 L. R. A. 264); *Jones v. Eisler,* 3 Kan. 134; *DeWolfe v. French,* 51 Me. 420. These and other cases of their class proceed upon the very just assumption that the parties must have intended that a promise to pay a definitely fixed sum was meant to mature some time, and the court should indulge in no reading of the contract not imperatively required by the established rules of construction to render such promise of no legal force or value. It follows that the trial court did not err in holding the note or promise sued upon to be payable on demand.

II.   The alternative proposition urged by the appellant is that the performance of the promise made by him was conditioned or dependent upon the continued existence of the payee, and that her death puts an end to the obligation. In other words, it is said the promise to pay according to the requirements of the payee is the equivalent to a promise to contribute to the relief of her needs, not to exceed in the aggregate the sum specified, and that when her needs ceased with her death no further obligation rested upon the appellant. To sustain this theory the word "requirements," as here used, would have to be given the meaning of needs or necessities, which we have already held cannot be properly done, and even then we should have to import into the agreement other words or other terms which are nowhere expressed or necessarily implied. To do so is to indulge in mere conjecture as to the real nature of the transac-

2. SAME: enforcement by administrator.

tion resulting in the execution of this instrument and to make for the parties a contract which they have not made for themselves. The writing imports a consideration for the promise, a consideration which we must presume was adequate. The demurrer admits the contract as pleaded, and the appellant's election to stand thereon is a consent to stand or fall upon the question of the legal sufficiency of such contract to sustain a recovery.

For reasons stated the demurrer was properly overruled, and the judgment rendered by the trial court must be and it is hereby *Affirmed.*

DEEMER, GAYNOR, and WITHROW, JJ., concurring.