Sarah THOMAS, Appellee,

v.

Janet BLECKER, Appellant.

No. 54161.

Supreme Court of Iowa.

Nov. 10, 1970.

Archerd & Johnson, Clarion, for appellant.

Ackerman & McNeal, Alden, for appellee.

MOORE, Chief Justice.

On February 19, 1968 plaintiff filed her petition at law asking for judgment of $6500 and interest for money loaned to defendant during a two month period in 1964. In the first four paragraphs her allegations identified the parties and stated defendant was divorced subsequent to 1964.

As pertinent here plaintiff's petition alleged:

"5. That pursuant to an oral agreement for the lending of money, the Plaintiff on or about the dates set out herein, made personal loans totaling $6,500.00 by

giving the Defendant cash in the following amounts, to wit:

"October 16, 1964 ............$1,000.00
October 24, 1964 ............. 500.00
November 4, 1964 ............ 600.00
November 7, 1964 ............ 100.00
November 10, 1964 ........... 2,000.00
November 18, 1964 ........... 2,000.00
November 23, 1964 ........... 100.00
December 4, 1964 ............ 100.00
December 12, 1964 ........... 100.00

TOTAL.........$6,500.00

"It was further agreed that said amounts were to draw interest in the amount of five (5) per cent per annum.

"6. That no part of the principal sum and no interest has been paid by the Defendant, although Plaintiff has requested payment of same."

Defendant's answer admitted the first four paragraphs and denied generally paragraphs 5 and 6 of plaintiff's petition.

Following trial to the court judgment was entered in favor of plaintiff and against defendant for $6500 with 5% interest from June 12, 1965 and for costs. Defendant has appealed. We affirm.

Defendant's notice of appeal states it is limited to the claims the trial court erred in (1) denying defendant's motion to dismiss and (2) permitting testimony of plaintiff which was not pleaded or at issue.

Defendant in her brief asserts and argues the trial court erred in permitting plaintiff's testimony as to how the loan was to be repaid, in permitting the testimony of Attorney Robert Maddocks and in overruling her motion to dismiss plaintiff's petition.

I. Plaintiff's testimony as summarized in the record is:

"My name is Sarah Thomas and my address is R. F. D., Clarion, Iowa, and in October of 1964, she (the defendant) came to me and wanted to know if I could loan some money, she said she wanted to borrow it from me. That her husband, Norman Downing, said he would rather borrow it from me. I handed to the Defendant sums of money in cash in denominations of $100.00, totaling $6,500.00. I kept a record of the dates and amounts in a little red book, and the Defendant printed her name at the top of the page.

"The terms were I couldn't give it to her all at once, and the interest was supposed to be 5% and to begin January 1, 1965, and that Defendant was to sign a note when she got all of her money.

"Q. (By Mr. McNeal) Was there to be a note signed? A. Yes, later when she got all the money, when the money come in and she said she'd come right out and sign it.

"Q. Did you make any bargain for how the loan was to be repaid? A. I—(Interruption by Attorney Draheim)

"Mr. Draheim: I object to this as asking for evidence not at issue or pleaded in this matter.

"THE COURT: Well, the objection will be overruled.

"Q. The question was—How was the loan to be repaid? A. By monthly payments. She said she'd come right out as soon as she got all the money, and sign a note, and then we'd talk about the monthly payments." Defendant did not sign a note or repay any of the money received from plaintiff. The little red book, exhibit 1, was identified and received in evidence.

Defendant argues agreement the loan was to be paid by monthly payments was not pleaded and therefore the evidence to that effect was inadmissible. In other words defendant contends there was such a variance between the pleadings and the evidence that her objection should have been sustained.

Rule 106, Rules of Civil Procedure, provides: "Variance—failure of proof. No variance between pleading and proof shall be deemed material unless it is shown to have misled the opposite party to his prejudice in maintaining his cause of action or defense. But where an allegation or defense is unproved in its general meaning, this shall not be held a mere variance but a failure of proof."

■ In addition to the specific provisions of rule 106 we have recognized that courts are not inclined to look with favor upon a contention of a fatal variance between an allegation to pay in a certain manner and proof payment was to be made within a reasonable time. A variance between pleading and proof is immaterial unless the complaining party establishes he was thereby misled to his prejudice in maintaining his cause of action or defense. Sanford v. Luce, 245 Iowa 74, 80, 60 N.W.2d 885, 888; Cross v. Hermanson Bros., 235 Iowa 739, 743, 16 N.W.2d 616, 618, and citations.

■ Plaintiff's petition alleged on oral agreement to lend money, performance by plaintiff and agreement for 5% interest. Plaintiff testified defendant had agreed to sign a note for the amount borrowed. Payment within a reasonable time must therefore be implied. Dille v. Longwell, 188 Iowa 606, 614, 176 N.W. 619, 621; City and County of Honolulu v. Kam, 48 Hawaii 349, 402 P.2d 683, 687; 17 Am.Jur. 2d, Contracts, sections 329, 330.

Assuming arguendo, there was some variance between plaintiff's allegations and proof we find no prejudice to defendant. Demand for payment had been made. This action was brought more than three years after the loan was made. There was before the trial court substantial evidence reasonable time for payment had expired.

II. Attorney Robert Maddocks testified that between 1958 and 1967 he had at various times done legal work for plaintiff and until May 1966 defendant had been his secretary. He stated defendant filed her own divorce petition and subsequent thereto she and her husband talked with him concerning their domestic difficulties. He testified he then first learned from defendant there was a debt of approximately $6000 owing to plaintiff which defendant was attempting to get her husband to pay as part of a divorce settlement.

Defendant's counsel then objected on the ground Maddocks' testimony of any conversation with defendant was irrelevant, immaterial, incompetent, hearsay and privileged as provided by Code section 622.10. He further stated: "If the testimony is going to continue from Mr. Maddocks regarding any moneys claimed to be owed the plaintiff, may this objection stand?"

The trial court made no ruling. Mr. Maddocks was not further interrogated by plaintiff's counsel. After brief cross-examination he was excused from the witness stand. No further attack was made on Maddocks' testimony.

■ No request for a ruling on his objection was made by defendant's counsel. The trial court made no adverse ruling on defendant's objection to Maddocks' testimony and it might be deemed waived. Resultantly we have nothing to review regarding the objection. State v. Badgett, Iowa, 167 N.W.2d 680, 687; Reed v. Bunger, 255 Iowa 322, 334, 122 N.W.2d 290, 298; Shover v. Iowa Lutheran Hospital, 252 Iowa 706, 721, 107 N.W.2d 85, 93, 94; 4 C.J.S. Appeal and Error § 321c; 5 Am.Jur.2d, Appeal and Error, section 709.

■ III. Defendant's contention the trial court should have sustained her motion to dismiss plaintiff's action at the close of the evidence is based on the propositions we have already discussed and her testimony she had obtained the money at her husband's request and as his agent. She makes no claim such information was conveyed to plaintiff. There is substantial evidence in the record supporting the trial

court's findings and judgment. They are therefore binding on us. Rule 344(f), par. 1, R.C.P.

We have considered defendant's contentions and find no reversible error.

Affirmed.

All Justices concur.