665 P.2d 1014

**EL DORADO HOTEL PROPERTIES, LTD., a Limited Partnership, and United Bank of Arizona, Plaintiffs/Appellees,**

**v.**

**Bruce A. MORTENSEN, Linda M. Mortensen, husband and wife; William T. Boyce and Margaret Boyce, husband and wife; an Humberto Lopez and Czarina Lopez, nd and wife, dba H.S.L. Proper...s, Defendants/Appellants.**

**No. 2 CA–CIV 4659.**

Court of Appeals of Arizona,
Division 2.

March 11, 1983.

Rehearing Denied May 2, 1983.

Review Denied June 23, 1983.

Scheff & Botwin by S. Leonard Scheff, Tucson, for plaintiffs/appellees.

Streich, Lang, Weeks & Cardon by Wm. S. Hawgood, II and Michael A. Yarnell, Phoenix, for defendants/appellants.

## OPINION

BIRDSALL, Judge.

This appeal is from a summary judgment in favor of El Dorado Hotel Properties, Ltd., a limited partnership, and United Bank of Arizona in the amount of $1,900,000 principal and $56,219 interest found to be due on a promissory note plus $20,000 attorney fees, and foreclosing a deed of trust given as security for the payment of the note. The appellee El Dorado was the payee and beneficiary of the note and deed of trust while appellee United Bank had only a security interest. Our references hereafter to the appellee are to El Dorado. The appellants were the trustors obligated on the note and their assignees and successors in interest. We refer to them hereafter collectively as the appellants.

The note and deed of trust arose out of the sale of the El Dorado Country Club property by the appellee to the appellants. The sale, which closed January 25, 1982, was for $2,200,000. The appellants paid a total of $300,000 earnest money and payment at closing, and gave the note for the balance of $1,900,000. The next payment of $400,000 was due on March 1, 1982. It is that payment which concerns us in this appeal.

As a part of the sale agreement the parties provided in the deed of trust for the release of portions of the property. We are also concerned here with this release provision.

The appellants' contentions on appeal include a claim that the trial court erred, as a matter of law, in holding that the release provision did not contemplate simultaneous performance by the parties. We agree and set aside the judgment.

The promissory note provided that it was to be paid "in installments" as follows: "$400,000 on March 1, 1982 . . . ."

The note also contained a standard acceleration provision that "should default be made in payment of any installment of principal or interest when due the whole sum of principal and interest shall become immediately due at the option of the holder . . ." The note also contained a statement that it was secured by the deed of trust.

The release provision in the deed of trust was relatively short and concise and since it is the interpretation of that provision with which we are most concerned we set it forth in its entirety:

"Upon payment of the $400,000.00 plus interest payment due on March 1, 1982, the trustors shall be entitled to have released free and clear of the purchase money Deed of Trust given to secure the unpaid balance herein 70,000 square feet of the subject real estate and any easement reasonably necessary for development of the first released parcel and any subsequent releases provided that:

(a) Trustors shall have submitted to Beneficiary a plat of the subject property showing the location of the original release and the location, proposed use, size and order of future parcels to be released. This plat shall be approved by Beneficiary to be consonant with the requirements set forth in this paragraph. Such approval shall not be unreasonably withheld.

(b) The parcel to be released shall be a compact parcel, one side of which shall be entirely contiguous to a property boundary of the subject parcel.

(c) The parcel selected shall not unduly harm or be to the detriment of the utilization of the balance of the property.

(d) No portion of any release shall include the golf course, club house or the parking area reasonably necessary for the operation of the club house and golf course.

(e) The parcel shall not interfere with access to the balance of the property.

(f) Purchaser shall pay the cost of all documentation and surveys necessary for the release.

In addition to the above release, trustors shall be entitled to future releases at the rate of $7.00 per square foot for all payments toward the reduction of principal of the unpaid purchase price and provided that the releases meet the following criteria:

(a) That they meet all criteria set forth for the original release above, except that the future releases must be contiguous on one boundary to the previously released land. In lieu of being contiguous to a previously released parcel, it must be contiguous to a boundary of the property although it may be contiguous to both.

(b) Releases may only be granted when purchaser is not in default under the terms of the Deed of Trust.

(c) Beneficiary shall cooperate in any rezoning sought by Trustors."

In addition the following facts were before the trial court by way of the pleadings, affidavits and depositions at the time the motion for summary judgment was submitted. Although we must view the facts in their most favorable light to the appellants, *Elerick v. Rocklin*, 102 Ariz. 78, 425 P.2d 103 (1967), these facts were actually undisputed. The appellants did not secure a loan commitment for funds with which to make the March 1st payment until late February, when they contacted the appellee and secured an agreement that if the payment was made by noon on March 5 there would be no default. On March 3 counsel for the appellants, Mr. John F. Battaile, III, notified counsel for the appellees, Mr. S. Leonard Scheff, by phone, that he would be delivering the "release plat" and "deed of release" for the first released parcel. Scheff advised him that his client would not consider reviewing the plat; there was not sufficient time to review it; the deed would not be placed in escrow; and insisted that the payment must be made first. By letter dated March 4 Scheff not only confirmed the conversation but advised that if unconditional payment was not made by noon March 5 he would file the foreclosure action. Battaile's written response, also March 4, contained further information concerning the provisions of the release agreement, that is, for example, advising that the use to which the released parcel would be put was "to hold for investment".[1] Battaile also wrote: ". . . our client intends to make the payment tomorrow . . . we are entitled to the release upon payment . . . ." This letter contains some self-serving statements concerning prior discussions about what parcel would be released, etc. We do not concern ourselves with these assertions since they are material only to the determination of fact issues. Neither the trial court nor this court can weigh the evidence or make findings of disputed fact in a summary judgment proceeding.

On March 5, before noon, the appellants delivered a cashier's check for $400,000[2] to the title company trustee with a letter authorizing the funds to be disbursed when the deed of release, etc. was recorded.[3] Scheff directed the title company to refuse the payment and the foreclosure complaint was filed on March 5.

The trial court's explanation for its ruling was contained in a minute entry:

"THE COURT FINDS that there are no genuine issues of material fact to be litigated.

The note in question states: 'We promise to pay . . . $400,000.00 on March 1, 1982 . . .'

---

1. The appellee contends such a use did not satisfy the requirement to advise to what use the property would be put. We need not consider that contention here since the resolution of this issue involves disputed fact questions.

2. Any question whether this amount was correct or whether it included interest is not disputed.

3. The general partner of the appellee, Jerome Shull, the only person authorized to approve the release and the person who authorized the extension to March 5 for the payment, left the country on March 4 and did not return until after the foreclosure action had been commenced.

The note indicates on its face that it is secured by a deed of trust, and the deed of trust contains the phrase, 'see release provisions on attached Exhibit B.'

Exhibit B states: 'Upon payment of the $400,000.00 plus interest, payment due on March 1, 1982, the Trustors *shall be* entitled to have released . . .'

Defendants did not make that payment pursuant to the terms of the note; they deposited the funds and directed that they be held hostage for performance of an obligation to which the defendants 'shall be entitled' *after* payment.

Where the performance of one party requires a period of time, (e.g. examination and verification of the release provision) and the performance of the other party does not, (the $400,000.00 payment) their performances cannot be simultaneous. Since one of the parties must perform first, he must forego the security that a requirement of simultaneous performance affords against disappointment of his expectation of an exchange of performances, and he must bear the burden of financing the other party before the latter has performed (See Comment E, Section 234, Restatement of Contracts 2d.)

IT IS ORDERED that plaintiff's Motion for Summary Judgment is hereby GRANTED." (all emphasis in the original)

This reliance on the Restatement was misplaced. Section 234 actually provides:

"(1) Where all or part of the performances to be exchanged under an exchange of promises can be rendered simultaneously, they are to that extent due simultaneously, unless the language or the circumstances indicate the contrary.

(2) Except to the extent stated in Subsection (1), where the performance of only one party under such an exchange requires a period of time, his performance is due at an earlier time than that of the other party, unless the language or the circumstances indicate the contrary."

Comment (e) to Sec. 234 is concerned principally with employment or construction contracts where the work must be done before payment is made. The comment is not only inapplicable to the instant dispute but if utilized might even lead to a requirement that the "examination and verification of the release provision" be accomplished first.

The fact situation which is most applicable here is found in comment (b) which states, in part, that where a time is fixed for the performance of one of the parties (the payment of $400,000.00 on March 1) and no time is fixed for the other (the approval and delivery of the release) simultaneous performance is possible and will be required unless the language or the circumstances indicate the contrary. The illustration given in the Restatement is:

"2) A promises to sell land to B, the deed to be delivered on July 1. B promises to pay A $50,000, no provision being made for the time of payment. Delivery of the deed and payment of the price are due simultaneously."

Other authorities agree with the Restatement. *See* S. Williston, A Treatise on the Law of Contracts Sec. 835 (3rd ed. 1962); 17A C.J.S. Contracts Sec. 344 (1963).

The appellants presented the trial court with an affidavit of Bruce Mortensen in which he avers, upon his own personal knowledge from conversations and other negotiations with Mr. Shull, that the parcel, release of which was requested with the $400,000 tender, was the very parcel Mr. Shull expected to release first. The description of this parcel, and at least arguably the other information required under the release provision, was furnished by March 4. Whether this was in time to permit simultaneous exchange of the release deed and the payment is a material disputed fact question and summary judgment is not permissible. *Sellers v. Allstate Insurance Company,* 113 Ariz. 419, 555 P.2d 1113 (1976).

Not only did the trial court err in its utilization of the Restatement, it also erred in holding, as a matter of law, that the provision "upon payment" meant *"after*

payment". Although one meaning for *upon* is *after*, the word also has other meanings, such as "as soon as", "at the time of", or "in case of", all depending on the context in which it is used. *Sanford v. Luce*, 245 Iowa 74, 60 N.W.2d 885 (1953). It may also mean "before, after or simultaneously with", *People v. Williams*, 24 Cal.2d 848, 151 P.2d 244 (1944). In *Hays v. Arizona Corporation Commission*, 99 Ariz. 358, 409 P.2d 282 (1965), the court held use of the word "upon" as it appeared in a statute did not necessarily imply immediacy, but within a reasonable time *after*. The statute, A.R.S. § 40–609, provided for the renewal of a certificate of convenience and necessity. The statute read:

> "A certificate or permit shall not be granted for a term exceeding ten years, but *upon* the expiration thereof it shall, at the request of the holder, be renewed for a period of time equal to that of the original certificate or permit, unless good cause is shown for refusal thereof." (emphasis supplied)

We do not believe that opinion is authority for the proposition advanced here by the appellee that the word "upon" in the deed of trust meant "after" in view of the context and subject matter of the statute.

The payment and release could be exchanged simultaneously if the release information was provided in sufficient time. According to the Restatement of Contracts 2d, section 234, supra, if the performances can be rendered simultaneously they are due simultaneously unless the language or the circumstances indicate the contrary. We find neither language nor circumstances indicating the contrary. We realize that the resolution of disputed facts may establish circumstances which will prove controlling, but the appellees were not entitled to summary judgment on the record before the trial court.

The judgment is reversed and the cause remanded for further proceedings.

HOWARD, C.J., and HATHAWAY, J., concur.