JOURNAL ENTRY AND OPINION
{¶ 1} Carlotta J. Walsh, plaintiff-appellant, appeals from the judgment of the trial court granting summary judgment in favor of Martha E. Urban, defendant-appellee. For the following reasons, we affirm.
 {¶ 2} On January 3, 2003, Walsh filed a complaint against Urban to collect on an April 11, 1990 demand promissory note signed by Urban. Walsh also sought to foreclose on the January 31, 1991 mortgage deed securing the note.
 {¶ 3} The note signed by Urban was payable to her father, Mathias Wallner. Upon Mr. Wallner's passing, the note, which was an asset of his trust, was transferred to Key Trust Company of Ohio, N.A., as trustee for the trust. The note was held by Key Trust until the passing of Elizabeth Wallner, Mr. Wallner's wife, at which time it was disbursed by the trustee to the Wallners' daughters, Walsh and Urban.
 {¶ 4} Urban never made payment upon the note, and no demand for payment on the note was ever made by Mr. Wallner or Key Trust. In 2002, Walsh made the first demand for payment on the note. The within action was commenced when payment was not made.
 {¶ 5} Walsh filed a motion for summary judgment to enforce the note against Urban. The trial court held that there was no evidence that payment was made on the note held by Walsh within ten years of a demand for payment and, thus, the claim was barred by the ten-year statute of limitations set forth in R.C. 1303.16(B). Walsh now appeals from that ruling.
 {¶ 6} In her three assignments of error, Walsh argues that the trial court erred in applying the ten-year statute of limitations set forth in R.C. 1303.16(B). Specifically, Walsh argues that R.C. 1303.16(B) did not become effective until August 19, 1994, and thus, should not have been retroactively applied to the April 1990 promissory note and January 1991 mortgage deed. We disagree.
 {¶ 7} An appellate court reviews a trial court's decision on a motion for summary judgment de novo. Grafton v. Ohio Edison Co.,77 Ohio St.3d 102, 105, 1996-Ohio-336, 671 N.E.2d 241. To obtain a summary judgment under Civ.R. 56(C), the moving party must demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party bears the initial burden of informing the court of the basis of the motion and identifying those portions of the record which support the requested judgment. Vahila v. Hall, 77 Ohio St.3d 421, 430, 1997-Ohio-259,674 N.E.2d 1164. If the moving party discharges its initial burden, the party against whom the motion is made then bears a reciprocal burden of specificity to oppose the motion. Id. See, also, Mitseff v. Wheeler
(1998), 38 Ohio St.3d 112, 526 N.E.2d 798.
 {¶ 8} Summary judgment is appropriate if, after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to that party. Zivich v. Mentor Soccer Club, 82 Ohio St.3d 367, 369-370,1998-Ohio-389, 696 N.E.2d 201; Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267. Any doubts must be resolved in favor of the non-moving party. Murphy v. Reynoldsburg, 65 Ohio St.3d 356,358-359, 1992-Ohio-95, 604 N.E.2d 138.
 {¶ 9} R.C. 1303.16(B) provides as follows:
 {¶ 10} "Except as provided in division (D) or (E) of this section, if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note shall be brought within six years after the date on which the demand for payment is made. If no demand for payment is made to the maker of a note payable on demand, an action to enforce the note is barred if neither principal nor interest on the note has been paid for a continuous period of ten years."
 {¶ 11} Walsh contends that R.C. 1303.16(B) violates Section 28, Article II of the Ohio Constitution, which prohibits the General Assembly from passing laws that are retroactive in effect. In support of her argument, Walsh contends that this court previously held in Novak v. CDTDevelopment, Cuyahoga App. No. 83655, 2004-Ohio-2558, that R.C. 1303.16
is not to be applied retroactively.
 {¶ 12} In that case this court stated, "CDT does not allege there exists, nor do we find any language in R.C. 1303.16 that expressly indicates the General Assembly intended a retroactive application of the statute." (Citations omitted.) Id. at ¶ 17. Before determining whether a statute is unconstitutionally retroactive, we must first determine whether the General Assembly expressly intended the statute to apply retroactively. R.C. 1.48; Van Fossen v. Babcock Wilcox Co. (1988),36 Ohio St.3d 100, 522 N.E.2d 489, paragraph one of the syllabus. If it did, we must next decide whether the statute is remedial, in which case it does not violate Section 28, Article II, or substantive, in which case the statute is unconstitutionally retroactive. Van Fossen, supra, paragraph three of the syllabus.
 {¶ 13} The second Official Comment to R.C. 1303.16 provides as follows:
 {¶ 14} "The second sentence of subsection (b) bars an action to enforce a demand note if no demand has been made on the note and no payment of interest or principal has been made for a continuous period of 10 years. This covers the case of a note that does not bear interest or a case in which interest due on the note has not been paid. This kind of case is likely to be a family transaction in which a failure to demand payment may indicate that the holder did not intend to enforce the obligation but neglected to destroy the note. A limitations period that bars stale claims in this kind of case is appropriate if the period is relatively long."
 {¶ 15} The Supreme Court of Ohio has held that, "[s]tatutes of limitations are remedial in nature and may be generally classified as procedural legislation." Gregory v. Flowers (1972), 32 Ohio St.2d 48,290 N.E.2d 181, paragraph one of the syllabus.
 {¶ 16} Upon review, we find R.C. 1303.16 to be remedial in nature, and moreover, that the within action is the very type of case involving a family transaction that the comment to the statute addresses. Thus, we find no error by the trial court in retroactively applying R.C. 1303.16.
 {¶ 17} Accordingly, Walsh's three assignments of error are overruled and the judgment of the trial court is affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., and Calabrese, Jr., J., Concur.