JOURNAL ENTRY AND OPINION
{¶ 1} This appeal raises the question whether the trial court erred as a matter of law when it failed to apply the ten-year statute of limitations as defined in R.C. 1303.16(B). Appellant Kenneth Fisler assigns four errors for our review; however, we resolve this matter under the first assigned error. We reverse this matter and enter judgment for appellant:
 "I. The trial court committed reversible error by applying the wrong statute of limitations to the promissory note on demand."
 "II. The trial court committed reversible error by tolling the statute of limitations." *Page 3 
 "III. The trial court abused its discretion by admitting highly prejudicial, irrelevant evidence."
 "IV. The trial court committed reversible error by determining that appellee was entitled to a set off."
 {¶ 2} The historical facts relevant to this case are uncontroverted. Appellant owed his mother $28,500, plus 5 percent interest on a promissory note dated July 10, 1989. The original signed promissory note was not admitted into evidence. Nevertheless, appellant acknowledges that he signed a note and gave it to his mother, Irene Fisler. Before her death on August 27, 2001, Karen Straka, appellant's sister, located an unsigned note dated July 10, 1989 and paid to the order of Irene Fisler by Kenneth Fisler for the $28,500, plus 5 percent interest.
 {¶ 3} No evidence exists in the record to establish that the mother demanded that the amount be paid or that any of the principal or interest was paid. We reach this conclusion regardless of appellant's unsubstantiated statement that he paid his mother the money. The sister testified that when she found the note, her mother told her that Kenneth had not repaid the money.
 {¶ 4} The evidence does show that the sister filed a suit against Kenneth Fisler on the note on November 4, 2004 as the executrix of her mother's estate. The application to probate the mother's estate was filed December 4, 2001 and the daughter was appointed executrix on August 1, 2002. Roughly 15 months later, she filed the suit to collect on the note. *Page 4 
 {¶ 5} Appellant ultimately filed an answer that included the statute of limitations' affirmative defense. The record showed he used the 15-year statute of limitations, which applies to written contracts or promises in writing.[1]
 {¶ 6} Appellant moved for summary judgment, which the trial court denied. The trial court through parol evidence found that a promissory note existed.[2] The trial court used the 15-year statute of limitations. No one raised the demand note statute of limitations as defined in R.C. 1303.16(B). Although Karen Straka's lawsuit was beyond the 15-year statute of limitations, the trial court held that the application for appointment of executrix tolled the running of the 15-year statute of limitations to July 10, 2005; consequently, the time for filing her lawsuit had not expired.
 {¶ 7} In his appeal, appellant argues the 10-year statute of limitations applies as defined in R.C. 1303.16(B) and judgment should be entered on his behalf. We agree.
 {¶ 8} R.C. 1303.16(B) provides as follows:
 "Except as provided in division (D) or (E) of this section, if demand for payment is made to the maker of a note payable on demand, an action to enforce the obligation of a party to pay the note shall be brought within six years after the date on which the demand for payment is made. If no demand for payment is made to the maker of a note payable on demand, an action to enforce the note is barred if neither *Page 5 
principal nor interest on the note has been paid for a continuous period of ten years."
 {¶ 9} It is uncontested that the executrix, sister of Kenneth Fisler, discovered an unsigned promissory note for $28,500, with 5 percent interest between Kenneth Fisler and his mother, Irene Fisler, located in the mother's personal papers before the mother's death, and the mother verified its existence. It is this note that the court held was the basis for the promise to pay.
 {¶ 10} The promise to pay in this case was on a demand instrument, which was governed by the 10-year statute of limitations under R.C.1303.16(B). When no time for payment is stated on an instrument, an instrument is payable on demand.[3] This court in Ranieriv.Terzano[4] went further and stated that a promissory note executed without a maturity date is deemed to be a completed demand instrument.
 {¶ 11} Generally, when proving the contents of a writing, the original document is required.[5] However, the best evidence rule allows for other evidence to establish its contents.[6] *Page 6 
 {¶ 12} In this case, Exhibit 1 showed a promise to pay $28,500 to the order of Irene P. Fisler, with interest at five percent per annum. The document is unsigned and is dated July 10, 1989.
 {¶ 13} We are mindful that Kenneth Fisler denied owing the money, claimed to have re-paid it, could not prove his allegations, argued the incorrect statute of limitations, and overall created much of his own demise. Nevertheless, this case involves a question of law and not a question of fact.
 {¶ 14} With permission of the trial court, Kenneth Fisler amended his complaint and affirmatively pled the statute of limitations. The fact that he pled the incorrect limitation is sad, but not fatal. Consequently, we hold as a matter of law that the statute of limitations in this case is controlled by a ten-year limitation pursuant to R.C.1303.16(B).
 {¶ 15} Accordingly, the trial court should have granted summary judgment to Kenneth Fisler on the grounds that R.C. 1303.16(B) barred a lawsuit filed on a promissory note when the note has been unpaid for a continuous period of ten years.[7] The uncontraverted facts support this legal conclusion. When the note was located, Irene Fisler was alive. In fact, her daughter learned of the note in 2001.[8] R.C.1303.16(B) is designed to cover these family transactions.[9] *Page 7 
 {¶ 16} Because we hold as a matter of law that this case is governed by R.C. 1303.16(B), we need not address the issue whether the statute of limitations is tolled pending the appointment of a personal representative.[10]
Judgment reversed, and judgment entered in favor of Kenneth Fisler.
It is, therefore, considered that said appellant recover of said appellee his costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOSEPH J. NAHRA, J.,* CONCURS; FRANK D. CELEBREZZE, JR., A.J., DISSENTS
* SITTING BY ASSIGNMENT: JUDGE JOSEPH J. NAHRA, RETIRED, OF THE EIGHTH DISTRICT COURT OF APPEALS.
[1] Timken Mercy Medical Center v. Keathey (1985), Ohio App. LEXIS 6691. (May 20, 1985), Stark County Appellate Court.
[2] Evid.R. 1004.
[3] Ranieri v. Terzano (1983), 8 Ohio App.3d 438; Estate of Mitchellv. Tuttle (May 30, 2000), 5th Dist. No. 00CA2-2.
[4] (1983), 8 Ohio App.3d 438.
[5] Evid.R. 1002.
[6] Evid.R. 1004.
[7] Walsh v. Urban 2005-Ohio-3727.
[8] In Metz v. Urizan Bank, 2006 U.S. Dist. LEXIS 7027, (N.D. Ohio Feb. 24, 2006, the discovery rule does not apply in Ohio to toll the runing of the statute of limitations at least under R.C. 1303.16(G).
[9] Walsh at 14.
[10] See Wrinkle v. Trabert (1963), 174 Ohio St. 233 for reasons against tolling at least in personal injury cases. *Page 8