JOURNAL ENTRY AND OPINION
{¶ 1} George L. Csanad ("Csanad") appeals from the judgment of the trial court enforcing a promissory note executed by him and John and Mary Lechli (the "Lechlis"). Csanad argues the applicable statute of limitations bars the Lechlis' claims, the promissory note was not supported by sufficient consideration, the trial court's decision is against the manifest weight of the evidence, and the court erred when it denied his request for specific findings of fact and conclusions of law. The Lechlis' cross appeal the trial court's decision to award interest from the date of judgment, instead of according to the terms of the promissory note. For the following reasons, we affirm in part and reverse in part.
 {¶ 2} The parties met in the late 1970's when Csanad placed an advertisement in a local newspaper seeking investors. Csanad was a commercial *Page 2 
real estate investor who, via his advertisements, sought funds from individuals to assist in the acquisition of apartments and strip mall projects. The Lechlis both worked in factories and had no experience whatsoever in commercial real estate dealings. John Lechli immigrated from Hungary in 1950 and worked in a factory as a tool and die maker. Mary Lechli worked in a shop making sweaters.
 {¶ 3} The Lechlis were looking to find an investment to assist in their retirement goals when they happened across the newspaper advertisement posted by Csanad. The Lechlis answered the advertisement and, in 1980, they invested approximately $31,000 with Csanad to be used to acquire a commercial strip mall in Rocky River, Ohio.
 {¶ 4} In 1984, Csanad informed the Lechlis that the property had sold. Csanad initially reported that the Lechlis' share of the profits from the venture was $64,000. However, Csanad reported that he could not pay the funds to the Lechlis because he had other property deals and did not have the cash. Thereafter, the Lechlis, independently and through an attorney acquaintance, investigated the sale of the building. The Lechlis learned that the building had sold for much more than had been reported by Csanad. John Lechli confronted Csanad with the results of his investigation, and Csanad admitted that the Lechlis' share should have been approximately $120,775. Nonetheless, Csanad still could not pay the cash to the Lechlis. *Page 3 
 {¶ 5} On November 19,1984, Csanad's attorney wrote to the Lechlis and acknowledged the amount due to them was $120,758.13, plus ten percent interest. Csanad then proceeded to prepare and execute a promissory note in the amount of $120,758.13, plus ten percent interest.
 {¶ 6} Through 1998, Csanad made periodic payments on the 1984 note. In 1998, Csanad approached the Lechlis in an effort to renegotiate the terms of the note, specifically the rate of interest. Csanad wanted to reduce the interest rate from ten percent to five percent. The Lechlis did not initially want to reduce the interest rate but felt they had no choice as Csanad represented that if the interest rate was not reduced, he would file for bankruptcy.
 {¶ 7} To document the new rate of interest, the parties discussed executing a new promissory note. The parties independently examined the credits and payments from 1984 to 1998 but differed in opinion as to the principal amount owed. Csanad felt the amount then owed was $125,000, while the Lechlis believed that the amount then owed was $141,000. After discussions regarding this matter, the Lechli's finally agreed that the amount owed was $125,000. Additionally, the Lechli's agreed that the $125,000 would be paid back with five percent interest that would begin to accrue upon the date of a failed payment. The parties executed a second promissory note, which was again prepared by Csanad. *Page 4 
 {¶ 8} Csanad made periodic payments to the Lechlis under the 1998 note. Whenever the Lechlis asked for payment, Csanad would respond that he did not have the funds, he never complained or objected to the amount owed. It was only a few months before trial that Csanad first claimed that he had made a mistake with the initial figure of $120,758.13 in 1984.
 {¶ 9} The Lechlis' commenced this civil action on January 30, 2004. They originally filed their suit as an action on a cognovit note and the trial court entered judgment by confession in favor of the Lechlis. However, because of deficient language within the cognovit note, Csanad filed a motion from relief from judgment, which the trial court granted on March 9, 2004. The Lechlis thereafter amended their complaint, and set forth two causes of action based upon two promissory notes.
 {¶ 10} On May 20, 2005, the trial court conducted a bench trial. On May 16, 2006, the trial court issued its opinion and order which included findings of fact and application of the law. The trial court entered judgment in favor of the Lechlis and against Csanad in the sum of $110,097.74 plus interest at the rate of five percent per annum from the date of judgment.
 {¶ 11} Csanad appeals, raising the four assignments of error contained in the appendix to this opinion. The Lechlis' cross appealed, raising a single assignment of error. *Page 5 
 {¶ 12} In his first assignment of error, Csanad argues the statute of limitations bars the Lechlis' cause of action based on the 1984 promissory note. This assignment of error lacks merit.
 {¶ 13} While the Lechlis sued on both the 1984 and the 1998 promissory notes in two separate counts, it is clear that the 1998 promissory note replaced the 1984 promissory note. There are not two separate promissory notes upon which the Lechlis' seek to collect. The only relevance of the 1984 promissory note is to establish the consideration for the 1998 promissory note.
 {¶ 14} In its opinion, the trial court held that R.C. 1303.16, which shortened the statute of limitations to six years from a fixed due date on a promissory note, could not be applied retroactively and hence did not bar any collection upon the 1984 promissory note. However, this court has already held that R.C. 1303.16 does in fact apply retroactively. See Walsh v. Urban, Cuyahoga App. No. 85466,2005-Ohio-3727. Accordingly, any action upon the 1984 promissory note was barred by the statute of limitations.
 {¶ 15} While the trial court did err in its decision regarding that matter, it did not then proceed to award judgment on that promissory note. The trial court ordered judgment only on the 1998 promissory note: the judgment at issue here. We therefore find this to be the ultimate in harmless error. *Page 6 
 {¶ 16} Based on the above, we overrule Csanad's first assignment of error.
In his second assignment of error, Csanad argues that the 1998 promissory note was simply a continuation of the 1984 promissory note and therefore, is supported only by past consideration and unenforceable. This argument lacks merit.
 {¶ 17} "Consideration is a necessary element for a binding contract, and a complete lack or want of consideration is a valid defense to a breach of contract action. Consideration is some right, interest, profit, or benefit accruing to one party, or some forbearance, detriment, loss, or responsibility given, suffered, or undertaken by the other." Great Am. Ins. Co. v. Colonial of California (1995), Franklin App. No. 95APE04-495. Generally, courts will not inquire into the adequacy of consideration once it is found to exist, except in cases of fraud or unfair treatment. MidAm Bank v. Dolin, Lucas App. No. L-04-1033, 2005-Ohio-3353.
 {¶ 18} In the present case, consideration did support the 1998 agreement between the Lechlis and Csanad. Csanad promised to pay the Lechlis $125,000 with a five percent interest in exchange for a reduction of the interest rate from ten percent to five percent and for the Lechlis agreeing with Csanad that the amount owed was $125,000. Generally, if there is a benefit to the creditor or disadvantage to the debtor, although slight, there is sufficient consideration to support the agreement. Sunrise Coop v. Perry (1992), Huron App. No. H-91-32. *Page 7 
 {¶ 19} Accordingly, a five percent reduction in the interest rate alone is sufficient consideration to support the 1998 promissory note.
 {¶ 20} Csanad's second assignment of error is overruled.
 {¶ 21} In his third assignment of error, Csanad argues that the trial court's decision is against the manifest weight of the evidence. We disregard this assignment of error because Csanad fails to identify in the record the error on which the assignment is based as required by App.R. 12(A)(2). He offers nothing more than a comprehensive statement of the law relating to our review of arguments on the manifest weight of the evidence, but fails to state in any manner exactly what evidence he relies on that makes the law applicable to his case.
 {¶ 22} Csanad's argument is also insufficient under App.R. 16(A)(7), which requires the appellant to set forth "[a]n argument containing the contentions of the appellant with respect to each assignment of error presented for review and the reasons in support of the contentions, with citations to the authorities, statutes, and parts of the record on which appellant relies." It is not the function of a reviewing court to construct a foundation for an appellant's claims. See Cardone v.Cardone (May 6, 1998), Summit App. Nos. 18349 and 18673.
 {¶ 23} In his fourth assignment of error, Csanad argues the trial court erred by denying his request for specific findings of fact and conclusions of law. This assignment of error lacks merit. *Page 8 
 {¶ 24} When the trial court rendered its decision on May 16, 2006, the trial court included a separate opinion and order, which included findings of fact and conclusions of law. Accordingly, the trial court did not err when it denied Csanad's motion for findings of fact and conclusions of law, as it had already provided said findings and conclusions to the parties.
 {¶ 25} Accordingly, we affirm the trial court's decision imposing judgment in favor of the Lechlis and against Csanad in the amount of $110,097.74.
 {¶ 26} In their sole cross assignment of error, the Lechlis argue that the trial court erred when it awarded interest from the date of judgment, not from the date provided for in the promissory note.
 {¶ 27} R.C. 1303.12 states that unless otherwise provided, interest is payable from the date of the instrument. The parties' 1998 promissory note provided that interest shall accrue on the unpaid principal balance and that "any deficiencies in the amount of interest shall be added to the unpaid principal balance due on this note, and shall bear interest [at] the applicable rate from the date of such deficiency." Csanad made his last payment in August 2002 and therefore, the date upon which there was an unpaid deficiency upon the note was September 2002.
 {¶ 28} Therefore, we find that the trial court erred when it awarded interest from the date of judgment, instead of awarding interest pursuant to the terms of the promissory note. Pursuant to our authority under App.R. 12, we modify the judgment *Page 9 
to reflect an award of interest at the contractual rate of five percent from September 2002.
 {¶ 29} The judgment of the trial court is affirmed in part and reversed in part.
It is ordered that appellees recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
CHRISTINE T. MCMONAGLE J., and MELODY J. STEWART, J., CONCUR
 APPENDIX
Assignments of Error: "I. The trial court erred by both deciding that R.C. 1303.16 does not apply to the second cause of action in appellee's complaint and by not granting appellant judgment upon said cause of action.
 II. The trial court erred by not finding that the 1998 note was simply a continuation fo the 1984 supported only by past consideration and therefore unenforceable.
 III. That the trial court's decision is against the manifest weight of the evidence. *Page 10 
 IV. The trial court erred by denying appellant's request for specific findings of facts and conclusions of law.
Cross-Assignment of Error: "I. The trial court erred when it ruled that the interest began to accrue on the date of judgment instead of according to the terms of the promissory note." *Page 1