PROCACCINO, EXR., APPELLEE, *v.* THE ELBERON BLDG. & LOAN
ASSN., APPELLANT.

[Cite as Procaccino v. Elberon B. & L. Assn.,
20 Ohio App. 2d 105.]

(No. 10731—Decided April 21, 1969.)

*Mr. Donald Guy Montfort,* for appellee.
*Messrs. Tischbein & McDaniel,* for appellant.

SHANNON, P. J.   This is an appeal on questions of law
from the Court of Common Pleas of Hamilton County,
wherein summary judgment had been rendered for plain-
tiff, who is the executor of the estate of the original plain-
tiff, now deceased.

On July 7, 1961, John Procaccino (the deceased original
plaintiff) and his wife conveyed real estate to Robert and
Ruby Lay by general warranty deed.   On the same date,
Robert and Ruby Lay executed and delivered a mortgage
deed for that real estate to defendant, appellant herein,
to secure repayment of $9,500 to it.

Incident to these transactions and in accordance with
a written agreement, Procaccino deposited $2,400 in a
savings account with defendant.

The agreement, among other things, provides:

"Whereas, The Elberon Building and Loan Associa-
tion is unwilling to make said mortgage loan of ninety-five
hundred dollars ($9500.00) unless part of the repayment
of said sum is unconditionally guaranteed;

"Now, therefore, I John Procaccino have this day deposited in a savings account No. 1407 the sum of $2400.00, do hereby agree that *said sum* of $2400.00 *will remain on deposit in toto*, plus all accrued interest thereon, *until* Robert Lay and Ruby Colleen Lay shall *pay or cause to be paid* on account of said mortgage loan *the sum of $2400.00 on principal* and have reduced their said mortgage loan to the sum of $7100.00 principal and no delinquent interest thereon; that in the event said Robert Lay and Ruby Colleen Lay shall not pay on account of principal the sum of $2400.00 and all accrued interest due on said mortgage loan and it is *necessary to foreclose* said mortgage loan or *otherwise dispose of said property*, I agree and hereby unconditionally authorize The Elberon Building and Loan Association to deduct from my said savings account hereinabove set out such sum or sums as will be necessary to pay said mortgagors' delinquent interest and reduce the principal amount of said mortgage indebtedness to the sum of $7100.00.

"This agreement shall be binding upon me, my heirs, executors, administrators and assigns." (Emphasis ours.)

After the transfer, a dispute over plumbing arose, and appellant authorized the withdrawal of $125 from the savings account and disbursement of that sum to the buyers to cover part of the cost of repair. Additionally, other withdrawals by plaintiff were permitted by defendant, so that on December 19, 1963, the balance in the account was $2,378.52.

On June 1, 1964, defendant, by order of its board, filed a petition seeking foreclosure of the mortgage from Robert and Ruby Lay.

On June 5, 1964, Robert and Ruby Lay conveyed the mortgaged premises to defendant by general warranty deed.

On June 17, 1964, defendant advised Procaccino by letter that the foreclosure suit had been filed, gave the reasons therefor, set forth the balance owed by the mortgagors, referred to the agreement of guaranty and made demand for additional payment thereunder.

On June 25, 1964, defendant closed out plaintiff's savings account and applied the entire balance to the payment of the mortgage loan to Robert and Ruby Lay, the total principal amount due as of June 1, 1964, thereon being $9,074.93.

On September 14, 1964, defendant dismissed the suit for foreclosure and, on December 4, 1964, conveyed the real estate to a purchaser, who gave back a mortgage deed to secure the repayment of $6,500 to defendant.

Thereafter, plaintiff filed suit and, ultimately, both plaintiff and defendant therein filed motions for summary judgment, the granting of which in favor of plaintiff gave rise to this appeal.

It is now so well established that citation of authority is unnecessary that if there is the slightest doubt as to the facts, motion for summary judgment will not lie. The weight of evidence or credibility of affiants is not to be determined in the premises.

Section 2311.041, Revised Code, is unequivocable in its provision that:

"* * *

"* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions of the genuineness of papers or documents, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, previously filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this section. A summary judgment shall not be rendered unless it appears from the pleadings, depositions, answers to interrogatories, written admissions of the genuineness of papers or documents, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, previously filed in the action, and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made; the party against whom the motion for summary judgment is made is entitled to have

such pleadings, depositions, answers to interrogatories, written admissions of the genuineness of papers or documents, affidavits, transcripts of evidence in the pending case, and written stipulations of fact construed most strongly in his favor. * * *"

The opinion of the Judge of the Court of Common Pleas ruling upon the motions for summary judgment was filed and made a part of the papers and record. Consequently, we take cognizance of these excerpts from it:

"On June 1, 1964, defendant filed a foreclosure suit against the principal obligator, Lay. On June 5, 1964, the defendant received a warranty deed to the property from the obligators, Robert and Ruby Lay. On June 25, 1964, the defendant closed the account of the plaintiff and removed the funds. On September 14, 1964, the foreclosure suit against the Lays was dismissed by the defendant. On December 4, 1964, the defendant sold the said property to a third party. *All of these transactions occurred without the knowledge of the plaintiff.*

"The court might further add that there is no evidence from the affidavits that this property had in any way deteriorated and it seems ridiculous and unequitable [*sic*] that property in the year 1961 sold for the price of $9500.00 and *that the defendants could see fit to sell it in the year 1964 for $3000.00 less, or the sum of $6500.00.*" (Emphasis ours.)

It is apparent that the limitations of Section 2311.041, Revised Code, were ignored. Genuine issues of fact exist, which cannot be resolved except upon plenary hearing.

It is within the realm of possibility that acquisition and disposition of real estate in the fashion of the mortgagee in the case at bar might lead to inequity, but such eventuality cannot be presumed. It is also possible that the end result was one contemplated, but not desired, by both parties and the compelling reason for the guaranty. Inquiry, then, into the facts beyond those before the court below must be had before the law and its attendant principles of equity can be applied.

Therefore, summary judgment was erroneously grant-

ed and the same is reversed. This cause is remanded for further proceedings according to law.

*Judgment reversed.*

HILDEBRANT and HESS, JJ., concur.