RANIERI ET AL., APPELLEES, *v.* TERZANO ET AL., APPELLANTS.

(No. 44914—Decided February 3, 1983.)

Mr. *Michael P. Lavigna, Jr.,* for appellees.

Mr. *Donald P. McFadden,* for appellants.

MARKUS, J. Defendants-debtors appeal from a summary judgment granted to plaintiffs-creditors in the total sum of $21,100. Defendants assert that their promissory notes for amounts loaned by plaintiffs were due only when defendants were financially able to repay those loans. Accordingly, defendants assert that their economic status was a fact issue which should have precluded summary judgment. We affirm the trial court's summary judgment order, since defendants' economic status was not a genuine issue

of material fact and plaintiffs were entitled to judgment as a matter of law.[1]

Viewing the record in the light most favorable to defendants,[2] we find undisputed facts which demonstrate that plaintiffs loaned defendants an aggregate sum of $23,700 in transactions on two dates. Defendants executed three promissory notes on October 1, 1973, and a fourth note on March 29, 1976, in the amounts of the loans made on those dates; the notes specified neither the time nor place for repayment.

In response to discovery requests, defendants admitted borrowing the money, but alleged repayment of some of the borrowed funds. Defendants agreed they originally owed $7,000 to the first lender, of which they had repaid $1,300; and they originally owed $16,700 to the second lender, none of which had been repaid.[3]

Defendants also admitted that copies provided for the four notes were accurate. Those copies showed that each note contained its date of issue, but each had an unfilled blank after the printed word "Due." Although the executed notes list

no time or condition for payment, defendants asserted in their answer to plaintiffs' interrogatories that the notes were "Payable if and when defendants were able to pay."

Defendants' sole assignment of error contends:

"The trial court erred in granting summary judgment to the plaintiffs in that there was a genuine issue of material fact in dispute, to wit: whether the promissory notes, which were the subject matter of this action, were incomplete."

Summary judgment is appropriate when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Civ. R. 56(C); *Beebe Constr. Corp.* v. *Circle R. Co.* (1967), 10 Ohio App. 2d 127 [39 O.O.2d 236]; *Procaccino* v. *Elberon B. & L. Assn.* (1969), 20 Ohio App. 2d 105 [49 O.O.2d 120]. In the case before us, defendants admit their debts but allege that a factual issue remains whether their obligations are due at this time.

On their faces, these notes are demand obligations, which are not conditioned on the makers' ability to pay.

---

[1] In relevant part, Civ. R. 56(C) states:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

[2] The standard to be followed on appellate review of the granting or denial of a motion for summary judgment was set forth in *Williams*

v. *First United Church of Christ* (1974), 37 Ohio St. 2d 150, 151-152 [66 O.O.2d 311]:

"In the following cases, the United States Supreme Court emphasized the way in which a reviewing court should evaluate the record upon an appeal from a summary judgment:

" '* * * We look at the record on summary judgment in the light most favorable to * * * the party opposing the motion * * *.' *Poller* v. *Columbia Broadcasting System* (1962), 368 U.S. 464, 473. Further '* * * on summary judgment the inferences to be drawn from the underlying facts contained in such materials [depositions, affidavits, and exhibits] must be viewed in the light most favorable to the party opposing the motion.' *United States* v. *Diebold* (1962), 369 U.S. 654, 655."

[3] The trial court's judgment was in the sum of $21,100, which appears to be less than the amount still unpaid. However, plaintiffs have not appealed, so we have no cause to determine the reason for that discrepancy.

R.C. 1303.07 directs:

"Instruments payable on demand include those payable at sight or on presentation and *those in which no time for payment is stated.*" (Emphasis added.)

R.C. 1303.21 adds:

"(A) A cause of action against a maker or an acceptor accrues:

"* * *

"(2) in the case of a demand instrument upon its date or, if no date is stated, on the date of issue. * * *"

A contemporaneous written limitation or condition for their payment, which did not appear on the notes themselves, could be binding on the parties, even though it would not affect the rights of subsequent holders in due course. R.C. 1303.18.

However, a provision that the notes are payable "if and when defendants were able to pay" is so uncertain that it fails to create a condition for payment. Thus, in *Union Properties, Inc.* v. *McHenry* (1943), 142 Ohio St. 136 [26 O.O. 339], the court held that an installment promissory note which called for monthly payments of not less than "the best can do" dollars should be treated as a demand note. The court reasoned that such terms do not allow the promisee to determine when a default occurs, so they do not restrict recovery.

At most, such terms mean that payment will be made in a reasonable time. Cf. *Lewis* v. *Tipton* (1859), 10 Ohio St. 88 (note payable "when I can make it convenient" is an absolute promise to pay within a reasonable time). But cf. *North Market Assn.* v. *Case* (1955), 99 Ohio App. 187; and *Smith* v. *Shoemaker* (C.P. 1959), 81 Ohio Law Abs. 451 (promises to pay "if and when funds are available" and "payments only when possible" held to be payable only when the stated condition is satisfied).

We agree with the comment in *Lewis* v. *Tipton, supra,* at 90:

"The parties evidently regarded the note as a binding obligation, and not the acknowledgment of a mere moral obligation; and whenever the language will permit, it should be so construed as to support, rather than to destroy its legal obligation."

Defendants do not claim the funds were gifts; they admit the transactions were loans. There are no clear objective standards to determine when a debtor is "able to pay" his debt, so a requirement that the creditor prove his debtor's ability to pay substantially reduces the creditor's reasonable expectation of payment.

While we recognize that some other jurisdictions disagree, we endorse the analysis in *Folkerts* v. *Shields* (1943), 319 Ill. App. 261, 49 N.E.2d 295, at 263-264:

"The instrument itself imports a debt due from the promisor to the promisee. A presumption of intended payment arises by virtue of the instrument acknowledging the obligation. To say that it gave appellee the sole right to determine when the debt should be paid, would serve to defeat the purpose of the contract, and would enable the debtor to wholly avoid her obligation. It cannot be considered the parties intended the debtor could wait forever.

"The admission of the debt is sufficient to establish a legal liability, lacking only in the element of a definite maturity date. Such expressions as 'as soon as able,' or 'as soon as possible,' are too indefinite and uncertain to constitute a fixed condition resting upon the pleasure of the debtor, and since no definite time of payment is fixed, the same will be considered a promise to pay within a reasonable time. It would be entirely inconsistent with the purpose and spirit of the engagement between the parties to suppose that they contemplated the obligation should never be capable of enforcement. The words used negative any contention that appellee should become financially able to discharge the entire debt at one time, but disclose the intention and understanding of the parties that appellee should start paying on such indebtedness as soon as possible.

"Such expressions as, 'as soon as able,' or 'as soon as possible,' imply the quality of due diligence in the prosecution of the thing undertaken without unreasonable and unnecessary delay, and thus, a promisor should not be heard to urge that such expressions will foreclose a promisee from insisting upon a reasonable application as to the element of time for such performance."

Accord *Griffin* v. *Smith* (1924), 101 Conn. 219, 125 A. 465; *Sanford* v. *Luce* (1953), 245 Iowa 74, 60 N.W. 2d 885.

In this case, the first three notes were executed more than eight years before judgment was granted on those notes, and the last note was executed more than five years before that judgment. A reasonable time for payment of all four notes had expired, so the supposed condition asserted by defendants had been satisfied as a matter of law.

Moreover, that supposed condition could not be proved by legally competent evidence, so it could not be relied upon to defeat an otherwise justified summary judgment order. Civ. R. 56(C). Defendants' answers to interrogatories apparently assert that the supposed conditions were oral limitations on their written promissory notes. Although blank spaces remained on the note forms used, they constituted valid complete instruments. Ordinarily, oral testimony cannot be considered to vary the terms of a written document which apparently expresses the complete agreement of the parties. *Charles A. Burton, Inc.* v. *Durkee* (1952), 158 Ohio St. 313 [49 O.O. 174].

These notes were due on demand, since they specified no maturity date. R.C. 1303.07; *Jones* v. *Brown* (1860), 11 Ohio St. 601. Oral testimony cannot be used to change them to conditional obligations. *Jones* v. *Brown, supra; Main Bank of Chicago* v. *Baker* (1981), 86 Ill. 2d 188, 427 N.E. 2d 94.

For all these reasons, defendants failed to demonstrate there was a genuine issue of material fact. Plaintiffs did establish their right to payment as a matter of law. Summary judgment was properly ordered.

*Judgment affirmed.*

DAY, P.J., and JACKSON, J., concur.

JACKSON, J., concurring. I concur in the decision of the court that a promise to pay when "able to pay" must be construed as requiring payment within a reasonable time. However, I disagree with the holding of the majority that the parol evidence rule bars oral testimony as to the due date of the negotiable instruments executed by appellants.

All four of the notes in question contain a blank space following the word "Due." It is true that an instrument which does not state a time for payment is payable on demand. R.C. 1303.07. An instrument which contains no space for "due date," or which bears the legend "payable at sight" or "demand note" is unambiguous, and is payable on demand. However, a note which contains a space for the due date, and which leaves that space blank, is open to interpretation. There may arise a presumption that the instrument is a demand note, but a party must be permitted to rebut the presumption with evidence that the parties intended, but neglected to complete the note by inserting a time for payment.

The statutory provision which governs incomplete instruments is R.C. 1303.14, which states, in pertinent part:

"(A) When a paper whose contents at the time of signing show that it is intended to become an instrument is signed while still incomplete in any necessary respect it cannot be enforced until completed, but when it is completed in accordance with authority given it is effective as completed."

Official Comment No. 2 to this section indicates that if "time of payment" is left

incomplete, it may indicate either that the note is payable on demand, or that the note is incomplete, and unenforceable until completed:

"* * * a complete writing which lacks an essential element of an instrument and contains no blanks or spaces or anything else to indicate that what is missing is to be supplied, does not fall within the section. 'Necessary' means necessary to a complete instrument. It will always include the promise or order, the designation of the payee, and the amount payable. It may include the time of payment where a blank is left for that time to be filled in; but where it is clear that no time is intended to be stated the instrument is complete, and is payable on demand under R.C. § 1303.07 [UCC 3-108]."

The second paragraph of the syllabus of *Charles A. Burton, Inc.* v. *Durkee* (1952), 158 Ohio St. 313 [49 O.O. 174] states:

"Where parties, following negotiations, make mutual promises which thereafter are integrated into an unambiguous written contract, duly signed by them, the parol evidence rule excludes from consideration evidence as to other oral promises resulting from such negotiations."

It is my considered opinion that the instruments in question are potentially ambiguous. Appellants adduced evidence to rebut the presumption that the instruments were payable on demand. Appellants' evidence, as construed by the majority of this court, is that the notes were payable within a reasonable time. A reasonable time having elapsed as a matter of law, the trial court properly entered summary judgment in favor of appellees for the net unpaid portion of the notes.