OPINION
Appellant Fred Tuttle appeals a summary judgment of the Richland County Common Pleas Court awarding appellee the Estate of Aaron Eugene Mitchell, by and through the Administrator Robert Mitchell, $40,450 due on a loan:
 ASSIGNMENTS OF ERROR THE TRIAL COURT ERRED IN GRANTING THE MOTION FOR SUMMARY JUDGMENT MADE BY PLAINTIFF-APPELLEE ROBERT MITCHELL ("ROBERT MITCHELL"), EXECUTOR OF THE ESTATE OF AARON EUGENE MITCHELL (THE "ESTATE OF GENE MITCHELL"), BECAUSE MR. MITCHELL WAS NOT ENTITLED TO JUDGMENT AS A MATTER OF LAW. THIS ERROR IS REFLECTED IN THE TRIAL COURT'S JUDGMENT ENTRY ON SUMMARY JUDGMENT MOTIONS.
 THE TRIAL COURT ERRED IN DENYING THE MOTION FOR SUMMARY JUDGMENT MADE BY DEFENDANT-APPELLANT FRED TUTTLE ("FRED TUTTLE") BECAUSE MR. TUTTLE SUBMITTED EVIDENCE DEMONSTRATING NO GENUINE ISSUE AS TO ANY MATERIAL FACT AND BECAUSE HE WAS ENTITLED TO JUDGMENT AS A MATTER OF LAW. THIS ERROR IS ALSO REFLECTED IN THE TRIAL COURT'S JUDGMENT ENTRY ON SUMMARY JUDGMENT MOTIONS.
On May 16, 1997, the decedent, Aaron Eugene Mitchell, loaned appellant $45,000. Appellant was involved in a divorce proceeding, and wished to purchase his wife's interest in the marital residence. Mitchell wrote a check payable to, "Mike Dorner, Atty. for Fred Tuttle," for $45,000. On the memo line, Mr. Mitchell wrote, "loan." Mr. Dorner deposited the check in his trust account, and paid the money either to appellant or to the persons appellant instructed Mr. Dorner to pay. From June, 1997, until September, 1998, appellant paid Mitchell $300 each month, except for December, when he made no payment, and January, when he paid $350. In October of 1998, Mitchell died. Appellant stopped making payments on the loan. In December of 1998, the attorney for the estate wrote to appellant asking for repayment of the amount of the loan. Appellant refused to pay, claiming that the balance due on the loan was forgiven upon Mitchell's death. The estate then filed the instant action seeking repayment of the balance due on the loan. Both parties moved for summary judgment, as the facts were undisputed. The court entered summary judgment in favor of appellee. The court ordered appellant to pay $40,450, plus interest at the rate of ten percent from December 31, 1998, the date on which appellee demanded payment of the note.
 I
Appellant argues that the court erred as a matter of law in granting appellee's motion for summary judgment. Appellant specifically argues that the court erred in finding that the loan was payable on demand. He argues that the court erred in characterizing his claim as one of "conditional gift" rather than "condition subsequent." He further argues that because the court necessarily considered parol evidence to determine that the check was a promissory note, the court erred in failing to consider the parol evidence offered by appellant to demonstrate that parties intended the note to be forgiven upon the death of either party. Pursuant R.C. 1303.03 (E)(3), an instrument may be both a note and a draft, and the person entitled to enforce the instrument may treat it as either one. Therefore, while a check is by definition a draft (R.C. 1303.03(F)(1)), a check may also be a note. In the instant case, the check, which was made payable to appellant's attorney, and states its status as a loan on the face of the document, is both a draft and a note. Appellant argues that because it is ambiguous on its face, the court necessarily considered parol evidence in determining that the check evidenced a loan to him. However, appellant admitted in his answer to appellee's complaint that the decedent loaned him $45,000. Answer, May 25, 1999, paragraph two. Coupling the judicial admission with the check, the court could determine that the check evidenced a loan to appellant in the amount of $45,000, without considering parol evidence. The court did not err in determining that the note was payable on demand. Where no time for payment is stated on the instrument, an instrument is payable upon demand. R.C. 1303.07
(A); Raniere v. Terzano (1983), 8 Ohio App.3d 438. Because parol evidence was not needed to clarify the relationship between the parties, the court did not err in failing to consider the parol evidence offered by appellant to demonstrate that the parties intended for the unpaid balance of the loan to be forgiven upon death of either party. In his affidavit, appellant stated that when he and the decedent discussed the terms of the loan, they agreed that if either of them died, the unpaid balance of the loan would be forgiven. Fred Tuttle Affidavit, paragraph six. He also submitted the affidavit of his brother, John Tuttle, who stated that he heard the decedent say that appellant would not have to repay the loan upon his or appellant's death. John Tuttle Affidavit, paragraph three. A promissory note executed without a maturity date is deemed to be a completed demand instrument, and testimony about a contemporaneous oral condition cannot vary the terms of the instrument. Raniere, supra, paragraph three of the syllabus. Appellant also argues that the court admitted parol evidence offered by appellee, while failing to consider evidence offered by appellant. The court considered a ledger submitted by appellee, showing payments made by appellant on the loan. However, the court did not consider this ledger as evidence that the loan existed. The court specifically found that the amount of the loan, its status as a loan, and the date of the loan were established by the check, while other terms were supplied by law. The court used the ledger to determine the amount which remained unpaid on the loan, thereby giving appellant credit for payments already made. The parol evidence rule prohibits a party who has entered into a written contract from contradicting the terms of the contract with evidence of other agreements. Ed Schory Sons, Inc. v. Society National Bank (1996), 75 Ohio St.3d 433, 440. As the ledger was not used to supply or contradict the terms of the loan, the ledger is not parol evidence. The first assignment of error is overruled.
 II
As the court did not err in entering summary judgment in favor of appellee, the court necessarily did not error in failing to order summary judgment in favor of appellant. The second assignment of error is overruled.
The judgment of the Richland County Common Pleas Court is affirmed.
WISE, J., and E. WISE, V. J., concurs in judgment only.