[Cite as *Gallwitz v. Novel*, 2011-Ohio-297.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |  |
|---|---|---|---|
| | : | JUDGES: | |
| WAYNE GALLWITZ, EXECUTOR OF | : | Julie A. Edwards, P.J. | |
| THE ESTATE OF GLEN GALLWITZ | : | W. Scott Gwin, J. | |
| | : | John W. Wise, J. | |
| Plaintiff-Appellee | : | | |
| | : | Case No. 10-CA-10 | |
| -vs- | : | | |
| | : | | |
| | : | O P I N I O N | |
| ABBY NOVEL | | | |
| | | | |
| Defendant-Appellant | | | |

CHARACTER OF PROCEEDING:        Civil Appeal from Knox County
                                Court of Common Pleas Case No.
                                09T06-0361

JUDGMENT:                       Affirmed

DATE OF JUDGMENT ENTRY:         January 24, 2011

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

WILLIAM DOUGLAS LOWE                   ABBY NOVEL
Reese, Pyle, Drake & Meyer, P.L.L.     301 North Main Street
36 North 2nd Street                    P.O. Box 416
P.O. Box 919                           Utica, Ohio  43080
Newark, Ohio  43058-0919

*Edwards, P.J.*

{¶1}   Defendant-appellant Abby Novel appeals from the May 3, 2010 Judgment Entry of the Knox County Court of Common Pleas denying her Combined Motion to Dismiss and for Summary Judgment and granting the Motion for Summary Judgment filed by plaintiff-appellee Wayne Gallwitz, Executor of the Estate of Glen Gallwitz.

<u>STATEMENT OF THE FACTS AND CASE</u>

{¶2}   On or about January 1, 2008, appellant Abby Novel executed a note stating that Glen Gallwitz, her stepfather, had loaned her $5,000.00 at 6% interest for a total of $10,000.00.  Subsequently, on June 24, 2009, Gallwitz filed a complaint against appellant, demanding judgment against her in the amount of $10,000.00 plus interest.

{¶3}   On July 22, 2009, appellant filed an answer. Appellant, in her answer, claimed that the money given to her on January 8, 2002 by Glen Gallwitz was a gift. Appellant further alleged that, on such date, she offered to pay Glen Gallwitz back, but was told that she did not have to do so because she had taken care of Gallwitz during his senior years and because her mother, Carrie Gallwitz, had allowed Gallwitz's grandson to live rent-free at a rental home owned by Carrie in Columbus. Appellant, in her answer, alleged that she had written out the loan note on her own initiative.

{¶4}   After Glen Gallwitz died on July 2, 2009, his son appellee Wayne Gallwitz, the Executor of Glen Gallwitz's estate, was substituted as the party plaintiff.

{¶5}   Appellant, on February 18, 2010, filed a Combined Motion to Dismiss and for Summary Judgment.  Appellant, in her motion, alleged that a binding contract was not formed because there was no acceptance of the note by Glen Gallwitz and no meeting of the minds, and because there were no certain and definite terms as to

repayment in the note. Appellant also alleged that even if a binding contract was formed, a novation was created. Finally, appellant contended that the undisputed facts demonstrated that she was entitled to a dismissal of appellee's action and summary judgment. Appellant, in the affidavit attached to her motion, stated, in relevant part, as follows:

{¶6} "3. The money given to me on January 8, 2002 by Glen Gallwitz was a gift and repayment was waived.

{¶7} "4. The money given to me was used to manufacture a patented jewelry display design.

{¶8} "5. On January 8, 2002 I offered to pay Glen Gallwitz the money back after I manufactured and sold the first one thousand (1,000) jewelry display units and wrote the loan note offer out for Glen Gallwitz on my own initiative.

{¶9} "6. On January 8, 2002 Glen Gallwitz told me that I did not have to pay the money back to him because I had been good to him by helping to take care of him during his senior years including taking him to the doctor, taking him out for dinner & shopping and helping around the house.

{¶10} "7. On January 8, 2002 Glen Gallwitz also stated that the money he gave me was a gift because my Mother, Carrie Gallwitz, allowed Glen Gallwitz's grandson to live for free for several years at my Mother's rental home on Ohio State campus in Columbus, Ohio."

{¶11} In response, appellee, on March 12, 2010, filed a Combined Motion for Summary Judgment and memorandum in opposition to appellant's motion.

{¶12} Pursuant to a Judgment Entry filed on May 3, 2010, the trial court denied appellant's motion while granting that filed by appellee. The trial court granted appellee judgment against appellant in the amount of $10,000.00 plus prejudgment interest in the amount of $4,980.82 as of April 28, 2010, for a total judgment against appellant in the amount of $14,980.82. The trial court also granted appellee post-judgment interest.

{¶13} Appellant now raises the following assignments of error on appeal:

{¶14} "I. THE LOWER COURT ERRER (SIC) IN RULING PLAINTIFF-APPELLEE HAD A RIGHT TO RECOVERY BASED ON HOLDER IN DUE COURSE STATUS.

{¶15} "II. THE LOWER COURT ERRED IN RULING DEFENDANT-APPELLANT DID NOT HAVE A VIABLE FORMATION OF CONTRACT DEFENSE.

{¶16} "III. THE LOWER COURT ERRER (SIC) IN NOT GRANTING SUMMARY JUDGMENT TO DEFENDANT-APPELLANT."

{¶17} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.* (1987), 30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56 which provides, in pertinent part: "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds

can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor. * * * "

{¶18} Pursuant to the above rule, a trial court may not enter a summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. *Vahila v. Hall,* 77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164, citing *Dresher v. Burt,* 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264.

{¶19} It is pursuant to this standard that we review appellant's assignments of error.

I

{¶20} Appellant, in her first assignment of error, argues that the trial court erred in holding that appellee had a right to recovery based on holder in due course status.

{¶21} Both parties cite to R.C. Chapter 1303, which concerns commercial paper. R.C. 1303.31(A)(1) provides that the "holder" of the instrument is entitled to enforce the same. By definition, "if the instrument is payable to an identified person," the

"holder" is the identified person when in possession of the instrument. R.C. 1301.01(T)(1).

**{¶22}** R.C. 1303.36 states, in relevant part, as follows: "(B) … If the validity of signatures [on a negotiable instrument] is admitted or proved and there is compliance with division (A) of this section, a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under Section 1303.31 of the Revised Code, unless the defendant proves a defense or claim in recoupment. If the defendant proves a defense or claim in recoupment, the right to payment of the plaintiff is subject to the defense or claim, except to the extent the plaintiff proves that the plaintiff has rights of a holder in due course that are not subject to the defense or claim."

**{¶23}** "Generally, the holder of a negotiable instrument * * * establishes a *prima facie* case for payment on a note where the note is placed in evidence and the makers' signature(s) is (are) admitted." *Dryden v. Dryden* (1993), 86 Ohio App.3d 707, 711, 621 N.E.2d 1216, 1219, citing R.C. 1303.36(B).

**{¶24}** As noted by appellee, Glen Gallwitz was the party in possession of the note executed by appellant at the time the case sub judice was filed. Appellant does not dispute that she signed the note. Glen Gallwitz was, therefore, the holder of the note and, upon production, was entitled to recover on the same unless appellant provided any defenses. While appellant cites to R.C. 1303.03(C) in arguing that appellee Wayne Gallwitz, as Executor to his father's estate, is not a holder in due course, as noted by appellee, "Glen Gallwitz and his estate is the holder so the entire issue is irrelevant."

{¶25} Appellant, in her brief, argues as a defense that the handwritten note was incomplete. The note specifically stated as follows: "Glen Gallwitz 1-8-2002 loaned me $5,000 at 6% interest a total of $10,000.00" and was signed by appellant. Admittedly, the note does not contain any schedule or time for repayment. However, where no time for payment is stated on the instrument, an instrument is payable upon demand. R.C. 1303.07(A); *Raniere v. Terzano* (1983), 8 Ohio App.3d 438, 457 N.E.2d 906. Thus, the note was payable on demand. Moreover, R.C. 1303.03(A) defines a negotiable instrument as "an unconditional promise to pay a fixed amount of money, with or without interest or other charges …, if it meets all of the following requirements:

{¶26} "(1) It is payable to bearer or to order…

{¶27} "(2) It is payable on demand or at a definite time.

{¶28} "(3) It does not state any other undertaking or instruction by the person promising or ordering payment to do any act in addition to the payment of money,…"

{¶29} In the case sub judice, the note contains an unconditional promise to pay a fixed amount of money, is payable on demand, only requires the payment of money and is payable "to bearer or to order." R.C. 1303.03(A). The note was, therefore, a negotiable instrument.

{¶30} In short, we find that the trial court did not err in holding that appellee had a right to recovery as a holder of the note.

{¶31} Appellant's first assignment of error is, therefore, overruled.

II

{¶32} Appellant, in her second assignment of error, argues that the trial court erred in holding that she did not have a "viable formation of contract defense." Appellant

specifically argues that there was no contract because Glen Gallwitz never accepted her offer to repay him the $10,000.00, because there was no meeting of the minds as to repayment and because the note did not contain clear and definite terms.

**{¶33}** "Acceptance" is the "drawee's signed agreement to pay the draft as presented." R.C. 1303.46(A). The acceptance must be noted on the draft and may consist of a signature. *Id.* R.C. 1303.46 further provides that acceptance "becomes effective when notification is given pursuant to instructions or the accepted draft is delivered for the purpose of giving rights on the acceptance to any person." Pursuant to R.C. 1303.46(B) a draft may be accepted although it has not been signed by the drawer. R.C. 1303.01(A)(2) defines "drawee" as meaning a person ordered in a draft to make payment and R.C. 1303.01(A)(3) defines "drawer" as "a person who signs or is identified in a draft as a person ordering payment." Thus, appellant was the drawee and was required to sign the note which she does not dispute was delivered to Glen Gallwitz, who was the person identified in the draft (note) as ordering payment. Thus, there has been an acceptance of the note. The acceptance became operative when signed by appellant and delivered to Glen Gallwitz.

**{¶34}** Appellant also argues that there was no meeting of the minds because, on January 8, 2002, which is the date the note was signed, Glen Gallwitz contemporaneously told her that she did not have to repay him and that the money was a gift because she had been good to him and because appellant's mother, Carrie Gallwitz, had allowed Glen Gallwitz's grandson to live rent-free at Carrie's house near the Ohio State University. "The parole evidence rule states that 'absent fraud, mistake or other invalidating cause, the parties' final written integration of their agreement may

not be varied, contradicted or supplemented by evidence of prior or contemporaneous oral agreements, or prior written agreements.'" *Galmish v. Cicchini,* 90 Ohio St.3d 22, 27, 2000-Ohio-7, 734 N.E.2d 782, (quoting 11 Williston on contracts (4th Ed. 1999) 569-570, Section 33:4). Appellant does not allege that the there was fraud, mistake or other invalidating clause. Appellant, therefore, cannot use Glen Gallwitz's alleged contemporaneous oral statements to her to vary, contradict or supplement the note, which clearly states that Glen Gallwitz loaned, rather than gifted, the money to her.

**{¶35}** Finally, appellant contends that the note is not enforceable because there are no certain and definite terms as to repayment.  However, as is stated above, where no time for payment is stated on the instrument, an instrument is payable upon demand. R.C. 1303.07(A); *Raniere v. Terzano* (1983), 8 Ohio App.3d 438, 457 N.E.2d 906.  The note, therefore, was payable on demand.

**{¶36}** Appellant's second assignment of error is, therefore, overruled.

III

**{¶37}** Appellant, in her third assignment of error, argues that the trial court erred in not granting summary judgment in her favor.

**{¶38}** Appellant specifically contends that her Motion for Summary Judgment should have been granted because appellee was not a holder in due course and did not have an automatic right to recovery by simply presenting the note and other evidence and because appellee failed to submit any evidence to show an acceptance of the note, a meeting of the minds and certain and definite contract terms. Appellant further argues that the trial court should have granted her motion because reasonable minds could only conclude that the money given to her by Glen Gallwitz was a gift, not a loan.

{¶39} However, based on the disposition of appellant's first and second assignments of error and construing the evidence in the non-moving party's favor we find that the undisputed facts demonstrate that Glen Gallwitz loaned appellant $10,000.00 at 6% interest, that appellant signed a note to such effect, that Glen Gallwitz accepted the note and that appellant failed to repay the money. We further find that appellant has failed to prove any defenses to repayment. We find, therefore, that appellee was entitled to judgment against appellant as a matter of law.

{¶40} Appellant's third assignment of error is, therefore, overruled.

{¶41} Accordingly, the judgment of the Knox County Court of Common Pleas is affirmed.

By: Edwards, P.J.

Gwin, J. and

Wise, J. concur

_____

_____

_____

JUDGES

JAE/d1005

[Cite as *Gallwitz v. Novel*, 2011-Ohio-297.]

IN THE COURT OF APPEALS FOR KNOX COUNTY, OHIO

FIFTH APPELLATE DISTRICT


WAYNE GALLWITZ, EXECUTOR OF    :
THE ESTATE OF GLEN GALLWITZ     :

                    :

           Plaintiff-Appellee     :

                    :

                    :

-vs-                       :          JUDGMENT ENTRY

                    :

ABBY NOVEL             :

                    :

           Defendant-Appellant   :          CASE NO. 10-CA-10


For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Knox County Court of Common Pleas is affirmed. Costs assessed to appellant.


                                        _____


                                        _____


                                        _____

                                                  JUDGES