[Cite as *Santomieri v. Mangen*, 2018-Ohio-1443.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## AUGLAIZE COUNTY

GREGG S. SANTOMIERI,

    PLAINTIFF-APPELLEE,                CASE NO.  2-17-05

    v.

CHARLES L. MANGEN,                   O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Auglaize County Common Pleas Court
Trial Court No. 2016-CV-0090

Judgment Affirmed

Date of Decision:    April 16, 2018

APPEARANCES:

    *Royce A. Link* for Appellant

    *Jonathan S. Zweizig* for Appellee

**PRESTON, J.**

{¶1} Defendant-appellant, Charles L. Mangen ("Mangen"), appeals the February 10, 2017 judgment of the Auglaize County Common Pleas Court awarding plaintiff-appellee, Gregg S. Santomieri ("Santomieri"), $53,334.00 in damages under a promissory note executed between Mangen and Santomieri. For the reasons that follow, we affirm.

{¶2} Under the terms of the promissory note, Mangen promised to pay Santomieri a single balloon payment of $40,000 on May 6, 2016. (Plaintiff's Ex. 9). On May 20, 2016, Santomieri filed a complaint seeking enforcement of the amount owed on the past-due promissory note, interest, and attorney fees. (Doc. No. 1). On June 16, 2016, Mangen filed an answer to Santomieri's complaint, two counterclaims for fraudulent representation and breach of contract, and a request for attorney fees. (Doc. No. 10). Mangen answered Santomieri's complaint in part by asserting an affirmative defense of want of consideration for the note. (*Id.*). On June 22, 2016, Santomieri filed his answer to Mangen's counterclaims. (Doc. No. 15).

{¶3} On January 25, 2017, Mangen filed a motion in limine seeking to exclude text messages and proof of the content of text messages exchanged between Mangen and Santomieri. (Doc. No. 27). On January 31, 2017, Santomieri filed a memorandum in opposition to Mangen's motion in limine. (Doc. No. 32). Also on

Case No. 2-17-05

January 31, 2017, Mangen submitted an additional memorandum in support of his motion in limine. (Doc. No. 35). On February 2, 2017, the trial court denied Mangen's motion in limine. (Doc. No. 37).

**{¶4}** Following a bench trial on February 10, 2017, the trial court issued its judgment awarding Santomieri $53,334.00. (Doc. No. 44).

**{¶5}** On March 1, 2017, Mangen filed a notice of appeal. (Doc. No. 51).[1] He raises four assignments of error.[2] For the sake of clarity, we will begin by addressing his second assignment of error, followed by his first, third, and fourth assignments of error.

### Assignment of Error No. II

**The trial court erred by finding that adequate consideration existed to support a judgment on the promissory note, because agreeing to do what one is already legally bound to do does not constitute adequate consideration.**

**{¶6}** Before ruling on the merits of this appeal, we must first consider whether this court has jurisdiction to hear this appeal. Although neither party raised the issue of whether the trial court's judgment entry is reviewable by this court as a

---

[1] Shortly after he filed the notice of appeal, Mangen filed for bankruptcy in the United States Bankruptcy Court for the Northern District of Ohio. (*See* Doc. No. 129). As a result, Mangen's appeal was stayed on April 4, 2017. This court lifted the stay of appeal on November 15, 2017.

[2] From Mangen's appellate brief, it is unclear whether he raises four assignments of error or five assignments of error. His third assignment of error presents two separate issues which he discusses under different headings in his brief. Given that Mangen consolidated these issues into a single assignment of error and that our overall analysis is the same regardless of whether we treat the two issues as composing a single assignment of error or separate assignments of error, we regard Mangen's brief as raising just four assignments of error.

final, appealable order, this is a jurisdictional question which we must raise sua sponte. *In re Murray*, 52 Ohio St.3d 155, 159-160 (1990), fn. 2; *Whitaker-Merrell Co. v. Geupel Constr. Co.*, 29 Ohio St.2d 184, 186 (1972).

{¶7} Article IV, Section 3(B)(2), of the Ohio Constitution limits our jurisdiction to the review of final orders. *Grieshop v. Hoyng*, 3d Dist. Mercer No. 10-06-27, 2007-Ohio-2861, ¶ 15. "A final and appealable order must meet the requirements of R.C. 2505.02(B) and, if applicable, Civ.R. 54(B)." *Id.*, citing *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88 (1989). Under R.C. 2505.02(B)(1), an order is a final, appealable order if it "affects a substantial right in an action that in effect determines the action and prevents a judgment." A "substantial right" is defined as "a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect." R.C. 2505.02(A)(1). Civ.R. 54(B) is implicated in multi-party or multi-claim litigation. Civ.R. 54(B) provides:

> When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the

absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Thus, in an ordinary multi-party or multi-claim case, when a trial court's judgment entry affects a substantial right of some but not all parties or determines some but not all claims pending before the trial court, the absence of a Civ.R. 54(B) certification bars an appellate court from entertaining an appeal of the judgment.

{¶8} However, there are occasions where a trial court's judgment may be reviewed as a final appealable order despite the fact that some claims appear to be pending before the trial court and in spite of the absence of Civ.R. 54(B) language. For example, "a judgment in an action which determines a claim in that action and has the effect of rendering moot all other claims in the action as to all other parties to the action is a final appealable order pursuant to R.C. 2505.02, and Civ.R. 54(B) is not applicable to such a judgment." *Wise v. Gursky*, 66 Ohio St.2d 241, 243 (1981).

**{¶9}** In this case, Mangen filed two counterclaims against Santomieri for fraudulent representation and breach of contract. (Doc. No. 10). In its February 10, 2017 judgment entry, the trial court did not expressly dismiss or dispose of Mangen's counterclaims. However, in rendering judgment in favor of Santomieri, the trial court made factual findings and legal conclusions which are inconsistent with a judgment in favor of Mangen on his counterclaims. Thus, we conclude that the trial court implicitly rejected and mooted Mangen's counterclaims and, as such, the trial court's February 10 judgment is reviewable by this court as a final appealable order. *See Brookridge Party Ctr., Inc. v. Fisher Foods, Inc.*, 12 Ohio App.3d 130, 135 (8th Dist.1983), fn. 4; *City of Westlake v. Mascot Petroleum Co., Inc.*, 8th Dist. Cuyahoga No. 57508, 1990 WL 48960, *2 (Apr. 19, 1990), fn. 1.

**{¶10}** Having concluded that this court has jurisdiction to hear Mangen's appeal, we turn now to the merits of his second assignment of error. In his second assignment of error, Mangen argues that the trial court erred by concluding that the promissory note is supported by consideration. Specifically, Mangen argues that the consideration identified by the trial court— (1) Mangen receiving the benefit of Santomieri proceeding to close the sale of a parcel of real estate Mangen negotiated to purchase from Santomieri under a written purchase contract and (2) Santomieri's forbearance of litigation concerning the parties' respective rights under that written purchase contract—do not constitute consideration for the note.

**{¶11}** "'When reviewing a civil appeal from a bench trial, we apply a manifest weight standard of review.'" *Lump v. Larson*, 3d Dist. Logan No. 8-14-14, 2015-Ohio-469, ¶ 9, quoting *San Allen, Inc. v. Buehrer*, 8th Dist. Cuyahoga No. 99786, 2014-Ohio-2071, ¶ 89, citing *Revilo Tyluka, L.L.C. v. Simon Roofing & Sheet Metal Corp.*, 193 Ohio App.3d 535, 2011-Ohio-1922, ¶ 5 (8th Dist.). "'[A] civil judgment "supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence."'" *Id.*, quoting *Warnecke v. Chaney*, 194 Ohio App.3d 459, 2011-Ohio-3007, ¶ 13 (3d Dist.), quoting *C.E. Morris Co. v. Foley Constr. Co.*, 54 Ohio St.2d 279 (1978), syllabus.

**{¶12}** "''[W]hen reviewing a judgment under a manifest-weight-of-the-evidence standard, a court has an obligation to presume that the findings of the trier of fact are correct.''" *Id.* at ¶ 10, quoting *Warnecke* at ¶ 13, quoting *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, ¶ 24. "'The rationale for this presumption is that the trial court is in the best position to evaluate the evidence by viewing witnesses and observing their demeanor, voice inflection, and gestures.'" *Id.*, quoting *Warnecke* at ¶ 13, citing *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984). "''A reviewing court should not reverse a decision simply because it holds a different opinion concerning the credibility of the witnesses and evidence submitted before the trial court.''" *Id.*, quoting *Warnecke* at ¶ 13, quoting *Seasons*

*Coal Co.* at 81. "'"A finding of an error in law is a legitimate ground for reversal, but a difference of opinion on credibility of witnesses and evidence is not."'" *Id.*, quoting *Warnecke* at ¶ 13, quoting *Seasons Coal Co.* at 81.

{¶13} "A promissory note is defined as 'a written promise to pay a certain sum of money at a future time, unconditionally.'" *Morgan v. Mikhail*, 10th Dist. Franklin Nos. 08AP-87 and 08AP-88, 2008-Ohio-4598, ¶ 66, quoting *Burke v. State*, 104 Ohio St. 220, 222 (1922). "'Generally, the holder of a [promissory note] * * * establishes a prima facie case for payment on a note where the note is placed in evidence and the makers' signature(s) is (are) admitted.'" *Gallwitz v. Novel*, 5th Dist. Knox No. 10-CA-10, 2011-Ohio-297, ¶ 23, quoting *Dryden v. Dryden*, 86 Ohio App.3d 707, 711 (4th Dist.1993), citing R.C. 1303.36(B). *See also Konica Minolta Business Solutions, U.S.A., Inc. v. Allied Office Products, Inc.*, 724 F.Supp.2d 861, 872 (S.D.Ohio 2010). A party may defend against having to pay under a promissory note by arguing failure or want of consideration for the note. *See W. Ohio Colt Racing Assn. v. Fast*, 3d Dist. Mercer No. 10-08-15, 2009-Ohio-1303, ¶ 13, citing *Ohio Loan & Discount Co. v. Tyarks*, 173 Ohio St. 564, 568 (1962). *See also* R.C. 1303.33(B) ("The drawer or maker of an instrument has a defense if the instrument is issued without consideration."). However, "'[t]he law presumes the existence of a consideration for a promissory note, and this presumption continues until it is shown that there was none; and the burden of

showing this is on the party attacking the note for want of consideration.'" *Gallon v. Scouten*, 6th Dist. Lucas No. L-06-1168, 2007-Ohio-2957, ¶ 17, quoting *Dalrymple v. Wyker*, 60 Ohio St. 108 (1899), paragraph three of the syllabus. "[A] claim of a lack of consideration for [a promissory note] is an affirmative defense which must be proved by a preponderance of the evidence." *Sur-Gro Plant Food Co., Inc. v. Morgan*, 29 Ohio App.3d 124, 129 (12th Dist.1985), citing *Riegert v. Weatherholt*, 12th Dist. Butler No. CA82-10-0099, 1983 WL 6321, *4 (Nov. 21, 1983).

{¶14} We conclude that there is competent, credible evidence supporting the trial court's conclusion that Santomieri is entitled to enforce the promissory note because it is supported by consideration. However, we arrive at this ultimate conclusion for a different reason than relied on by the trial court. *See Iams v. DaimlerChrysler Corp.*, 174 Ohio App.3d 537, 2007-Ohio-6709, ¶ 60 (3d Dist.) ("'A judgment by the trial court which is correct, but for a different reason, will be affirmed on appeal as there is no prejudice to the appellant.'"), quoting *Bonner v. Bonner*, 3d Dist. Union No. 14-05-26, 2005-Ohio-6173, ¶ 18.

{¶15} It is undisputed that Mangen executed a $40,000 promissory note in favor of Santomieri. (*See* Feb. 10, 2017 Tr. at 42, 85). Mangen admitted that he signed the promissory note and that he has not paid Santomieri any part of the $40,000. (*See id.* at 42, 46-47). Therefore, Santomieri established a prima facie

case for payment. However, Mangen argued that there was a want of consideration for the note and that, therefore, the note is unenforceable.

{¶16} In support of his position, at trial Mangen advanced his version of the circumstances surrounding the execution of the promissory note. According to Mangen, he executed the promissory note in anticipation of receiving a $40,000 loan from Santomieri to finance the purchase of real estate and other goods. (*Id.* at 44, 52, 54).[3] In other words, Mangen asserted that Santomieri's payment of the $40,000 was the consideration for his promise to pay Santomieri. There is no dispute that Santomieri did not pay Mangen $40,000. (*Id.* at 115). Thus, Mangen argued that the promissory note is invalid because of a *failure* of consideration.

> There is a difference between a want of consideration and a failure of consideration. Want of consideration is a total lack of any valid consideration * * *. Failure of consideration is the neglect, refusal and failure of one of the * * * parties to do, perform or furnish, * * *, the consideration in substance and in fact agreed upon.

*John P. Timmerman Co. v. Hare*, 3d Dist. Allen No. 1-03-14, 2003-Ohio-4622, ¶ 10, citing *Colonial Ins. Co. v. Graw*, 102 Ohio App. 430, 438 (8th Dist.1955).

---

[3] The version of events Mangen promoted at trial is at odds with Mangen's original assertion in his counterclaim that he signed the note because he anticipated difficulties in obtaining bank financing for the purchase of Santomieri's property which never materialized. (*See* Doc. No. 10).

{¶17} The trial court rejected Mangen's argument and concluded that Mangen did not demonstrate that there was a failure of consideration for the promissory note. The trial court found that "[Mangen's] allegation that the note was signed in anticipation of a payment of cash from [Santomieri] to him but which he never received is unsupported by any evidence other than his self-serving testimony, and is not believable." (Doc. No. 44).

{¶18} After reviewing the record, we conclude that there is competent, credible evidence supporting the conclusion that Mangen did not meet his burden of proving by a preponderance of the evidence that there was a failure of consideration for the promissory note. *See Whichard v. Matthews*, 8th Dist. Cuyahoga No. 98689, 2013-Ohio-1892, ¶ 32-33, 39. On numerous occasions, Santomieri's trial counsel highlighted inconsistencies between Mangen's testimony at trial and Mangen's statements at deposition. (*See, e.g.*, Feb. 10, 2017 Tr. at 60-65, 153-155). Further, some of the explanations Mangen offered for why he supposedly signed the promissory note were dubious at best:

| [Mangen's Counsel]: | Why'd you sign the promissory note? |
| [Mangen]: | I thought I was helping [Santomieri] out. |
| [Mangen's Counsel]: | How was it helping him out for him to loan you the forty thousand bucks? |

| [Mangen]: | How's it helping him out? He would get money. He needed cash. He told me he needed cash. |

(*Id.* at 133-134). The trial court was in the best position to assess Mangen's credibility in testifying about his agreement with Santomieri; this court will not cast doubt on the trial court's conclusion that Mangen's testimony was not believable. *See Seasons Coal Co.*, 10 Ohio St.3d at 80.

{¶19} Moreover, when subjected to cross-examination, Santomieri testified unequivocally that he never agreed to pay Mangen $40,000 to help Mangen purchase a second parcel of real estate:

| [Mangen's Counsel]: | And you didn't offer to loan him forty thousand dollars ($40,000.00) so he could do both deals. |
| [Santomieri]: | Never. |
| * * * | |
| [Mangen's Counsel]: | He never said to you, "I need forty thousand dollars ($40,000.00) cash to buy the other property because I already backed out of this deal?" |

-12-

[Santomieri]:     No. Never once. Never came out of his mouth. He never asked myself or my wife ever for any money, ever.

(Feb. 10, 2017 Tr. at 95, 112).

**{¶20}** Finally, a series of text messages exchanged between Mangen and Santomieri submitted at trial support the conclusion that Mangen failed to meet his burden of proving that there was a failure of consideration for the promissory note. In the text messages, Mangen admitted that he understood that the due date on the $40,000 promissory note was approaching and that he wished he "had it just lying around." (Plaintiff's Ex. 16). Mangen also detailed his attempts to refinance his house so that he could pay Santomieri. (*Id.*). However, Mangen never objected to Santomieri's requests for payment by arguing that Santomieri had not paid the $40,000 purportedly agreed to as consideration for the promissory note. (*See id.*). Furthermore, there are no text messages from Mangen in the series asking Santomieri to pay him the $40,000 or questioning why Santomieri had not yet paid. (*See* Plaintiff's Exs. 15, 16, 17). For his part, Mangen testified that he never sent any communications to Santomieri inquiring about the expected $40,000 payment. (Feb. 10, 2017 Tr. at 54-55).

{¶21} For these reasons, the trial court's conclusion that Santomieri is entitled to enforce the promissory note is not against the manifest weight of the evidence.

{¶22} Mangen's second assignment of error is overruled.

### Assignment of Error No. I

**The trial court erred by enforcing an oral agreement rather than a written real estate purchase agreement where the terms of the written purchase agreement were not ambiguous and the terms of the oral agreement directly contradicted the written agreement.**

### Assignment of Error No. III

**The trial court erred by resorting to parol evidence to allow for the modification of an unambiguous written contract, and by allowing for the modification of a written contract without the mutual assent of all parties to the written contract.**

### Assignment of Error No. IV

**The trial court erred by not finding that a waiver or merger by deed occurred when the purchase price under a written real estate purchase agreement was paid at closing in exchange for a deed.**

{¶23} In his first assignment of error, Mangen argues that by enforcing the promissory note, the trial court ultimately enforced the terms of an oral real estate purchase agreement instead of an unambiguous written agreement covering the same subject matter. In his third assignment of error, Mangen contends that, in enforcing the promissory note, the trial court effectively permitted the modification of an unambiguous written real estate purchase contract through the use of parol

evidence and without the assent of all parties to the written agreement. Finally, in his fourth assignment of error, Mangen argues that the trial court erred by enforcing the promissory note because any claim Santomieri had to receiving the $40,000 was waived when Santomieri tendered a deed to real estate he sold to Mangen under a separate written real estate purchase agreement.

**{¶24}** Mangen's first, third, and fourth assignments of error are premised on a faulty understanding of the trial court's judgment. Mangen correctly notes that the trial court found that Santomieri and Mangen initially entered into a verbal agreement for Santomieri to sell Mangen a parcel of real estate for $140,000. (Doc. No. 44). However, Mangen conspicuously omits the fact that the trial court also found that two discrete agreements were ultimately used to accomplish the transaction: a $100,000 written real estate purchase contract between Mangen and his wife, Melissa, and Santomieri and a separate, collateral $40,000 oral agreement between Mangen and Santomieri that was eventually committed to writing in the form of the promissory note. (*Id.*). Thus, in enforcing the promissory note against Mangen, the trial court was not enforcing an oral agreement in preference to and in contravention of the clear terms of a written contract; it was enforcing a promissory note *in addition to* a separate written contract. As such, Mangen's arguments under his first, third, and fourth assignments of error are erroneous.

-15-

{¶25} Mangen's first, third, and fourth assignments of error are, therefore, overruled.

{¶26} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**ZIMMERMAN and SHAW, J.J., concur.**

**/jlr**